**Ernest Esco MOONEY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 70 C 409(1).**

United States District Court,
E. D. Missouri, E. D.

Oct. 23, 1970.

Ernest Esco Mooney, pro se.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

Petitioner, a prisoner confined in the federal prison, has filed a motion to vacate and set aside his conviction and sentence under 28 U.S.C.A. § 2255. This court hereby grants the petitioner leave to proceed in forma pauperis, and the court has jurisdiction of petitioner's claim for relief pursuant to Sec. 2255.

Petitioner was convicted in 1968 for possession of stolen mail in violation of 18 U.S.C.A. § 1708, and sentenced to a term of four years. This conviction was affirmed by the Eighth Circuit Court of Appeals in United States v. Mooney, 417 F.2d 936 (8th Cir.1969), cert. den. 397 U.S. 1029, 90 S.Ct. 1280, 25 L.Ed.2d 541 (1970), reh. den. 397 U.S. 1071, 90 S.Ct. 1507, 25 L.Ed.2d 696 (1970).

Petitioner now advances three basic contentions in an effort to set aside his conviction. The first claim relates to his being denied adequate and effective counsel at his trial; the second claim rests upon his being denied a fair and impartial trial due to the prejudice of the trial judge; and the third claim of error focuses upon the receipt into evidence of testimony which was obtained in violation of the petitioner's constitutional rights.

The petitioner's first allegation is that he was denied effective representation of counsel. His main criticism deals with the failure of his attorney to obtain the presence of a witness that he requested. This allegation of petitioner can in no way serve as a basis for the relief now claimed. Even if this court assumes that counsel did elect not to call a witness, it is settled that matters within the realm of counsel's judgment do not serve as a basis for a charge of inefficiency. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 794 (1958), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); Borchert v. United States, 405 F.2d 735, 738 (9th Cir.1968), cert. den. 394 U.S. 972, 89 S. Ct. 1466, 22 L.Ed.2d 753 (1969).

In Bolden v. United States, 105 U.S. App.D.C. 259, 266 F.2d 460 (1959), the court stated with regard to the failure of counsel to call an alleged alibi witness at 461: "Whatever the reason for it, the decision was for the judgment of counsel and should not now be the basis for a charge of inefficiency." Thus, there is no merit to this portion of petitioner's claim.

The petitioner also alleges that his counsel was ineffective in that he did not make proper objections during the course of the trial. This exact issue was dealt with on petitioner's direct appeal, and the court stated in United

States v. Mooney, supra, 417 F.2d at 941:

"In his brief and at oral argument counsel for the appellant claimed that through inexperience in criminal matters he failed to make proper objections and failed to preserve and protect the substantial rights of the appellant. A reading of the entire transcript and a careful examination of the brief filed in behalf of the appellant, as well as consideration of counsel's argument on appeal hardly justify the conclusion that counsel was naive, inexperienced or inattententive to his client's rights. Quite the opposite is indicated."

Since this contention has been carefully considered on appeal, it cannot be relitigated on the motion to vacate and set aside his conviction. See: Slawek v. United States, 413 F.2d 957, 959 (8th Cir.1969); Evans v. United States, 346 F.2d 512, 513 (8th Cir.1965), cert. den. 382 U.S. 881, 86 S.Ct. 170, 15 L.Ed.2d 121 (1965). Hence, there is no merit to this portion of the petitioner's claim for relief.

The petitioner's second allegation is that he was denied a fair trial due to the prejudice of the trial judge. Petitioner's main contention rests upon the fact that he claims that it was prejudice for the trial judge to instruct his brother on the possible consequences of perjury after his brother began to testify on behalf of the petitioner. (The court's remarks were made to the brother outside the presence of the jury). Since the court's advice was given after his brother had completely contradicted the testimony of the police officer, it is apparent that such instruction was necessary and well within the discretion of the trial judge. After an examination of the entire record, it is apparent that this allegation of the petitioner is frivolous and provides no basis for the relief that has been requested.

The third allegation of the petitioner concerns the receipt into evidence of testimony that was obtained in violation of the petitioner's constitutional rights. Specifically, the petitioner contends the identification made of him at trial by a government witness was tainted in that the witness was previously shown photographs of the petitioner. Likewise, the petitioner contends that the identification was tainted in that the petitioner was pointed out to the government's identifying witness by a government employee prior to the trial. The remainder of the petitioner's allegations on this issue aver that it was impossible for the government's witness to make an identification in that the witness only viewed the petitioner for fifteen seconds. All of these allegations have one point in common, that is, all were litigated on the petitioner's direct appeal. Such matters cannot be relitigated here. See: Slawek v. United States, supra; Evans v. United States, supra.

Accordingly, it is therefore ordered that the petitioner's motion be overruled and the clerk will enter the proper order to that effect.