585 P.2d 254

**The STATE of Arizona, Appellee,**

v.

**Robert Barry BUTCHER, aka Donald Lee Harper, Appellant.**

**No. 2 CA–CR 1308.**

Court of Appeals of Arizona, Division 2.

June 29, 1978.

Rehearing Denied Sept. 5, 1978.

Review Denied Oct. 3, 1978.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Stephen C. Bergsten, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was found guilty by a jury of two counts of assault with a deadly weapon, A.R.S. § 13–249(A) and (B), and sentenced to concurrent prison terms of 10 to 15 years. He appeals on separate grounds from his conviction on each count.

As to the first count, he contends he was denied his constitutional right of confrontation by the admission of hearsay statements by the victim, who was not present at trial. One of the investigating officers was permitted to testify over objection to a conversation in which the victim said appellant had pointed a gun at him, fired a shot, hit him with the gun, and then fired another shot. The officer testified that the statements were made within 10

minutes after he heard a radio call regarding the shooting, and he described the victim's appearance at the time of the narrative statement as "very excited." We find no abuse of discretion in admission of the statement as an excited utterance. 17A A.R.S. Rules of Evidence, rule 803(2).

 Whether or not appellant's right of confrontation was violated thereby is a different question, however. *See California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Denial of cross-examination is not a violation *per se* of the confrontation clause. *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *but see Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Absent cross-examination, there must be some indicia of reliability, over and above that implicit in the hearsay exception, in the circumstances of the particular case. *Dutton v. Evans*, supra.

We find such indicia lacking in the facts before us. Approximately 10 minutes elapsed between the occurrence and the statement, which was in narrative form. The first officer to arrive at the scene described the victim's demeanor as calm five minutes before the statements were made. Although these facts are insufficient to establish a clear abuse of discretion in the admission of the victim's statement as an excited utterance, they diminish its reliability, in our opinion, to a level below the minimum implied by the plurality of the court in *Dutton*.[1]

On the other hand, the record establishes beyond a reasonable doubt that admission of the statement was harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Another witness—the victim on the second count—heard the pistol shots. There were two bullet holes in the wall near the couch on which the victim had been lying, and two spent shell cases discovered in the room were matched to a partially loaded pistol taken from appellant shortly after the police arrived.

As to the other count, the second victim entered the room immediately after the shots had been fired. He testified that appellant pointed the gun at his stomach and "said he was going to blow my head off." Those facts are sufficient to support a conviction of assault with a deadly weapon. *See State v. Wilson*, 113 Ariz. 363, 555 P.2d 321 (1976). Appellant argues that a verdict of acquittal on the second count should have been directed, however, because the victim subsequently grabbed appellant's hand that was holding the gun, placed the muzzle against the victim's throat, and told appellant to "go ahead and shoot" but that he thought appellant "was just a punk" who lacked the nerve to shoot him. Appellant then wrestled the gun away. He argues that his conduct thus was induced by apparent consent and, therefore, was not an assault. *Guarro v. United States*, 99 U.S.App.D.C. 97, 237 F.2d 578 (1956). While that may be true as to the placing of the gun against the victim's throat, it cannot vitiate appellant's previous acts enumerated above. Nor was the victim's apparently correct appraisal of appellant's lack of intent to shoot him material. "Once it is shown that the person assaulted the victim with a gun there is no further need to show that he intended to do harm with that gun." *State v. Seebold*, 111 Ariz. 423, 426, 531 P.2d 1130, 1133 (1975).

The judgment and sentences are affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. For an example of a spontaneous statement satisfying the requirements of the confrontation clause, see *Shaffer v. Field*, 484 F.2d 1196 (9th Cir. 1973).