596 P.2d 268

STATE of New Mexico,
Plaintiff-Appellee,

v.

Timothy RICHTER and Joseph Martinez,
Defendants-Appellants.

No. 3761.

Court of Appeals of New Mexico.

April 5, 1979.

Anthony F. Avallone, Las Cruces, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendants, who were jointly tried, appeal their conviction of burglary, Section 30–16–3(B), N.M.S.A. 1978 (formerly Section 40A–16–3(B), N.M.S.A. 1953 (2d Repl. Vol. 6)).

On December 6, 1977, defendants entered a pawn shop in Las Cruces, each carrying a tape deck that he offered to the saleslady. Whether for pawn or sale is not disclosed in the record. Detective Tafoya of the Las Cruces Police Department happened to be in the pawn shop at the same time checking pawn tickets. The saleslady refused the offer and the defendants left. After they departed she commented to the officer that it was unusual for two individuals to come in together with the same item. The officer went outside and approached the defendants, who were just getting into the same vehicle. After identifying himself, he requested their identification and questioned them concerning the tape decks. Their identification showed that they were students at the New Mexico State University. Each stated that he had purchased a tape deck at a flea market in Albuquerque. One of the tape decks had a social security number engraved on it which did not match that of either defendant. The officer, in addition to calling this to their attention, commented that one of the tape decks was brand-new. After advising them of their constitutional rights, he asked them to accompany him to the police station. A subsequent check disclosed that the tape deck with the social security number engraved on it had been stolen from an automobile on the campus of New Mexico State University. An investigator from the University Police Department was called to the station. After he arrived he questioned the defendant Richter in one room while Detective Tafoya questioned Martinez in another. Richter confessed that he and Martinez had stolen one of the tape decks. Martinez in turn confessed, after being told about Richter's confession, and in addition confessed to having stolen the other tape deck as well.

The defendants did not request separate trials and at trial, over objections, their statements were admitted.

Defendants allege four points of error. Point two will not be considered because a motion to amend the docketing statement was not granted because it was not timely filed. In spite of this, the point was briefed and a motion by the State to strike it from the brief was granted. The other points will be considered in sequence.

This first point is that: "Where there is no corroborating evidence, is it

prejudicial error violative of the sixth amendment to allow into evidence confessions from two joint defendants in their joint trial where neither defendant takes the witness stand." The defendants argue that the only witness whose evidence could provide corroboration of the corpus delicti was not transcribed. Defendants' counsel is charged with the duty of seeing that all parts of record necessary for a review of the errors claimed are included in the transcript. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). Absent a showing in the record to the contrary it will be presumed that the trial was regularly conducted. *State v. Gilbert*, 78 N.M. 437, 432 P.2d 402 (1967). We therefore presume that corroborating evidence of the corpus delicti is in the missing portions of the record.

 Defendants further contend that it was error to admit their confessions because the confession of the one was hearsay as to the other and violative of his Sixth Amendment right of confrontation, since neither took the stand. It is necessary to point out that the confessions established all of the elements of the crime of burglary and each defendant implicated the other. The defendants' contention is correct. There was a violation of the *Bruton* rule: The confession of a codefendant, who does not testify, is hearsay as to the other defendant but more importantly violates his right of confrontation guaranteed by the Sixth Amendment. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Not every constitutional error compels reversal if it can be said to be harmless. However, "before a federal constitutional error can be held harmless, the court must be able to declare the belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 This is a matter of first impression in the appellate courts of this State, i. e., the admission of the confessions of codefendants where neither takes the stand. Since the error was of a federal constitutional right, we look to the federal courts for guidance. Although we encountered some cases to the contrary we agree with the following:

*United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296 (2d Cir., 1968): "The reasoning of *Hill* [*United States ex rel. Hill v. Deegan*, 268 F.Supp. 580 (S.D.N.Y. 1967)] and *Bruton* is not persuasive here. Both of those cases involved a defendant who did not confess and who was tried along with a codefendant who did. In our case Catanzaro himself confessed and his confession interlocks with and supports the confession of McChesney.

"Where the jury has heard not only a codefendant's confession but the defendant's own confession no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*."

*Metropolis v. Turner*, 437 F.2d 207 (10th Cir. 1971): ". . . the petitioners each made a complete confession and the evidence against each is also of such proportions as to render harmless any possible effect of admitting the codefendants confession."

We also believe that the following caveat must be kept in mind in situations such as this:

*United States v. DiGilio*, 538 F.2d 972 (3d Cir. 1976): "The harmless error rule is not a predicate for the admission of evidence. We expressly disapprove of the suggestion that there is a 'parallel statements' exception to the *Bruton* rule in this circuit. Hearsay errors both of constitutional and of nonconstitutional dimensions will in appropriate cases be regarded as grounds for reversal . . ."

It is our opinion that the error in allowing into evidence that part of Martinez's confession that was incriminatory of Richter and the part of Richter's confession that was incriminatory of Martinez was harmless beyond a reasonable doubt considering the other parts of the confessions and the other evidence recited at the beginning of this opinion.

 Defendants' third point is: "Was there an unreasonable seizure violative of

58

the fourth and fourteenth amendments rendering inadmissible evidence obtained as a result because: the detention for investigative purposes was unreasonable."

"A police officer may, in appropriate circumstances, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. [Citation omitted.]

What are appropriate circumstances? Officers must have a reasonable suspicion that the law has been or is being violated. [Citation omitted.]

What is a reasonable suspicion? Officers must be 'aware of specific articulable facts, together with rational inferences from those facts,' and these facts and inferences must provide the basis for the suspicion. [Citation omitted.] Unsupported intuition is insufficient. [Citation omitted.] An inarticulate hunch is insufficient. [Citation omitted.]

How is reasonable suspicion to be judged? The facts and inferences are to be judged by an objective standard: Would the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate?" [Citation omitted.] *State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App.1977).

It is our opinion that any other reasonably cautious police officer in the same circumstances as Detective Tafoya would have acted as he did.

Defendants' fourth point is: "Was there an unreasonable seizure violative of the fourth and fourteenth amendments rendering inadmissible evidence obtained as a result because: After identifying the property as stolen, the defendants were not charged or brought before a magistrate." The answer to this point is factual. They were taken before a magistrate. Rule 20(d) of N.M.R.Crim.Proc. provides: "A preliminary hearing shall be held within a reasonable time but in any event not later than ten days following the initial appearance if the defendant is in custody and no later than twenty days if he is not in custody." It was approximately 1:15 p. m. on December 6, 1977, when Detective Tafoya asked the defendants to accompany him to the police station. The defendant Richter's statement was completed at 3:35 p. m. and Martinez's was completed at 3:55 p. m. They were then released. On the following day they appeared before a magistrate and then released on their own recognizance.

We affirm.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.