653 P.2d 879

STATE of New Mexico,
Plaintiff-Appellee,

v.

Robert Andrew MARTINEZ,
Defendant-Appellant.

No. 5688.

Court of Appeals of New Mexico.

Sept. 9, 1982.

Certiorari Denied Oct. 29, 1982.

Joseph Wm. Reichert, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

DONNELLY, Judge.

Defendant, Robert Andrew Martinez, appeals his conviction of attempted armed robbery, assigning as errors: (1) admission of the alleged victim's out-of-court statements; and (2) comments of the trial judge that allegedly intimidated a witness, causing her to change her testimony against defendant. We affirm.

On July 8, 1981 at approximately 5:00 p.m., a motorist, Robert Saavedra, observed defendant approach a woman walking near Fourth Street in Albuquerque, try to grab her suitcase and brandish a knife at her. Saavedra scuffled with defendant and pushed him away from the woman. Saavedra further testified that during the incident he heard defendant state that the suitcase he was attempting to seize belonged to Johnny's Inn.

A city police officer, Jerry Higdon, testified that he saw defendant and the victim, Lynelle Kisicki, involved in the disturbance on Fourth Street and drove his patrol car up to the scene. He testified that on his arrival the woman ran up to him screaming and crying, that her face was pale and indicated that she was scared, that she identified defendant as her assailant and stated "He's trying to rob me," "He's armed," "He's got a knife," and "That's him."

At trial the prosecution did not call the alleged victim of the attempted robbery as a witness. The trial court admitted the four oral utterances of the alleged victim into evidence through the testimony of the police officer, over defendant's objection of hearsay, and that the remarks were inadmissible because of the lack of availability or presence of the declarant. The judge ruled the statements were admissible as

excited utterances, each constituting an exception to the hearsay rule under the N.M. R.Evid. 803(2), N.M.S.A.1978 (Supp.1982).

Later in his testimony, Officer Higdon also related that when he recovered a knife from defendant at the scene, the victim said "[T]hat's the same knife that he tried to rob me with." However, defendant voiced no objection when this testimony was given.

On cross-examination by defense counsel, Officer Higdon testified that defendant told him at the scene that Miss Kisicki had taken eighteen dollars from him at a nearby lounge. The officer stated that when defendant made his remarks the victim responded that defendant had never bought anything from her, and that defendant had tried to take her jewelry she was trying to sell at the lounge.

Defendant testified at trial. He stated that he had not attempted to rob the victim, but had been sitting with friends in the lounge, when Miss Kisicki approached him and offered to sell him some jewelry she had in a suitcase. Defendant stated he bought a ring priced at about eighty dollars from her, and gave her a hundred dollar bill. Defendant testified the woman was supposed to bring him back twenty dollars change. Defendant said the woman then left the bar without giving him his change, so he followed her outside and scuffled with her in a dispute over his change. He admitted he had drawn a knife and thought it would scare her.

The prosecutor called defendant's girl friend, Maria Saiz, to testify. She was asked whether after the incident defendant had admitted to her that he had pulled a knife on a woman when he was trying to steal her jewelry. The witness responded that defendant told her he had bought some jewelry from the woman in a bar and given her a hundred dollars and that "he went after her 'cause she never returned with his change." However, on further questioning by the state's attorney, Miss Saiz admitted that she had previously told an investigator from the district attorney's office that defendant confided to her that he was trying to steal jewelry from the woman when he pulled his knife during the incident.

Under cross-examination by the defense, Miss Saiz testified that she had become confused and didn't feel right while talking to the investigator and had been angry at defendant. The witness further testified that prior to trial she had told the investigator that she didn't want to go to court and that she told him "I didn't know what was going on and I don't."

At this point the trial judge excused the jury from the courtroom and then stated:

Court: Mr. Bobbitt, [prosecutor] what's the penalty for perjury?

Mr. Bobbitt: Your Honor, perjury is punishable as a fourth degree felony, the presumptive sentence is eighteen months, it may be mitigated to a year or aggravated to twenty-four months.

Court: Miss Saiz, when you don't tell the truth in court in a criminal case that can be perjury and subject you to criminal charges. I happen to have been in my office the day you came down here. Do you feel that you need a lawyer to advise you on your testimony?

Ms. Saiz: Yes, sir.

Court: You want a lawyer?

Ms. Saiz: Yes.

Court: I'm going to recess until in the morning, because I think she needs to talk to a lawyer about what the possible penalty for perjury is, and whether she wants to consider her testimony again. I will order you to be here, to wait in this courtroom until I can find a public defender to talk to you.

Ms. Saiz: Your Honor, what does this mean? That I'm getting sentenced?

Court: No ma'am, this means if you don't tell the truth here, the State of New Mexico can file a criminal charge against you and you could go to jail for eighteen months.

The witness conferred with the attorney appointed to advise her. The next day at trial Miss Saiz testified that defendant had tried to get her to lie in court for him and that "all the stuff about the hundred dollar bill and the traveling around was to make it

look like he did that, and was all part of the made up story." She had also stated earlier that defendant had asked another woman, Naomi Ortega, to drive around to various places with him and help him cash several hundred dollar bills so that it would appear that he customarily carried large bills.

## I. *Right of Confrontation*

Defendant first challenges the admissibility of Officer Higdon's testimony. Defendant asserts that allowance into evidence of Miss Kisicki's statements as recounted by Higdon deprived him of his constitutional right to confrontation, under the sixth amendment of the United States Constitution.

The trial court predicated its admission of the challenged testimony upon Rule 803(2), *supra,* as an excited utterance and as a recognized exception to the hearsay rule. This portion of the rule is identical with Fed.R.Evid. 803(2), adopted by the United States Congress. An excited utterance under the rule is defined as, "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition . . . ."

The rationale for the excited utterance exception is that the exciting event induced the declarant's surprise, shock, or nervous excitement which temporarily stills capacity for conscious fabrication and makes it unlikely that the speaker would relate other than the truth. *See State v. Gunthorpe,* 81 N.M. 515, 469 P.2d 160 (Ct.App.), *cert. denied,* 81 N.M. 588, 470 P.2d 309 (1970). Here, the trial court found the statements clothed with circumstances which brought the declaration within the scope of excited utterances. Determination of the admissibility of statements as excited utterances is a matter within the sound discretion of the trial court, and will not be overturned in the absence of clear abuse. *State v. Gunthorpe, supra; Garrett v. Howden,* 73 N.M. 307, 387 P.2d 874 (1963).

Defendant however argues that, even if Miss Kisicki's statements were in fact admitted under a proper exception to the hearsay rule, she did not testify at trial and the introduction of her statements deprived him of his constitutional right of confrontation. Defendant also contends that the state failed to establish that the victim was unavailable to appear in person as witness at trial, to explain the reason for her absence, or to indicate what, if any, reasonable efforts were made to secure her attendance.

The fact that evidence may have qualified for admission under an exception to the hearsay rule does not necessarily mean that a defendant's constitutional right of confrontation was not violated. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *State v. Lunn,* 82 N.M. 526, 484 P.2d 368 (Ct.App.1971). The breadth of the hearsay rule and the confrontation clauses of the state and federal Constitutions are not coextensive. As noted in 4 Weinstein's Evidence, ¶ 800[04], at 800–18 (1981):

> [T]he hearsay rule often has a very different impact on civil actions than in criminal cases when the statement is offered against an accused. . . . An additional constitutional dimension is also present because the confrontation clause of the Sixth Amendment provides "that in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

Whether there has been a sixth amendment violation depends upon the facts of each case. When a violation has been established as a fact the remedy, if any, must also depend upon the facts. *State v. Pedroncelli,* 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981).

Denial of cross-examination is not a violation per se of the confrontation clause. *State v. Butcher,* 120 Ariz. 234, 585 P.2d 254 (App.1978). However, absent opportunity for cross-examination of a witness on the part of defendant, the state as a prerequisite to obtaining the admission of such evidence, must demonstrate compliance with the two-pronged test enunciated in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27

L.Ed.2d 213 (1970); and *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In *Roberts,* the court held:

> In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

There is no constitutional requirement that the victim of every crime must testify, *State v. Boodry,* 96 Ariz. 259, 394 P.2d 196, *cert. denied,* 379 U.S. 949, 85 S.Ct. 448, 13 L.Ed.2d 546 (1964). But where the state seeks to use statements of a victim not called or present at trial, the prosecution must meet the standards enunciated in *Roberts* to satisfy the constitutional requirements of the sixth and fourteenth amendments. *See State v. Martinez,* 95 N.M. 445, 623 P.2d 565 (1981).

■ Under the facts here, the state failed to satisfactorily demonstrate due diligence in attempting to procure the attendance of the unavailable witness or to offer evidence that appropriate steps had been taken to attempt to secure her presence for trial. The burden is upon the state to establish the unavailability of a prosecution witness whose hearsay statements are sought to be admitted into evidence. *Ohio v. Roberts, supra.* Mere absence of a witness from the jurisdiction is not sufficient grounds for dispensing with defendant's right of confrontation. *State v. Adrian,* 51 Haw. 125, 453 P.2d 221 (1969); *see also State v. Waits,* 92 N.M. 275, 587 P.2d 53 (Ct.App.1978).

■ A finding of a violation of the right to confront a witness does not, however, automatically require reversal of defendant's conviction. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); cf. *United States v. Albuquerque,*

538 F.2d 277 (9th Cir.1976). Where other properly admitted evidence in the record, overwhelming in its nature, independently establishes proof of defendant's guilt the admission of the challenged evidence is harmless error. *See generally State v. Gruender,* 83 N.M. 327, 491 P.2d 1082 (Ct. App.1971); *see also Corbin v. State,* 627 P.2d 862 (Nev.1981). Even where an error is of constitutional dimension, it may not mandate reversal if it was harmless beyond a reasonable doubt. *State v. Richter,* 93 N.M. 55, 596 P.2d 268 (Ct.App.) *cert. quashed,* 93 N.M. 8, 595 P.2d 1203 (Ct.1979).

■ The trial court's admission of the objectionable testimony may be sustained on the ground that statements of the alleged victim were cumulative of other evidence, including admissions of defendant himself. Defendant testified that he attempted to take the case from Miss Kisicki. He stated he had a scuffle with the victim, and he had a knife which he "thought . . . would scare her." Thus, defendant's own trial testimony admitted (1) his presence at the scene, (2) that he attempted to take Miss Kisicki's case of jewelry, (3) that he used a knife to scare her. Defendant's own testimony together with his incriminating admissions to his girl friend, corroborated each of the four challenged spontaneous utterances relied upon by him in this appeal. Where defendant's own testimony independently establishes the questioned out-of-court statements, the admission of such evidence is harmless. *Cf. State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979); *United States v. Anthon,* 648 F.2d 669 (10th Cir. 1981); *see also State v. Sourivathong,* 130 Ariz. 461, 636 P.2d 1243 (Ct.App.1981); *State v. DeSantos,* 91 N.M. 428, 575 P.2d 612 (App.1978); *compare State v. Mann,* 87 N.M. 427, 535 P.2d 70 (Ct.App.1975).

Maria Saiz also testified without objection, that defendant told her he was at Johnny's Inn and pulled a knife on a lady and was trying to take her jewelry. Robert Saavadra testified, also without objection, that he observed that the defendant had a knife in his right hand and was trying to

pull the suitcase away from Miss Kisicki with his left hand. He also testified that during the incident he saw a cut on Miss Kisicki's hand.

Defendant also failed to object to Officer Higdon's testimony that Miss Kisicki, still crying and scared, told police, "That's the same knife he tried to rob me with." This statement was not challenged by defendant in his brief on appeal. To preserve error on appeal, there must be a proper and timely objection. *State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (App.) *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977). Constitutional rights of confrontation may be lost, as other rights, by a failure to assert them at the proper time. *State v. Davis,* 1 Ohio St.2d 28, 203 N.E.2d 357 (1964); *see also* N.M.R.Evid. 103, N.M.S.A.1978; N.M.R. Crim.App. 308, N.M.S.A.1978.

Reviewing the whole record in the case before us, we find the statements of Miss Kisicki were cumulative of the testimony given by other witnesses, including that of defendant himself. In light of the overwhelming nature of the testimony of the attempted robbery, the admission of the oral statements challenged by defendant was not reversible error.

## II. *Judge's Comments on Perjury.*

Defendant's assertion that the trial judge's comments resulted in the intimidation of Miss Saiz, causing her to change her testimony against defendant, is a matter of first impression in this jurisdiction. Defendant contends the court overstepped the neutral role assigned to trial judges and impermissibly intruded upon the traditional functions assigned to advocates. Defendant relies upon *State v. Caputo,* 94 N.M. 190, 608 P.2d 166 (App.1980) and *In Re Will of Callaway,* 84 N.M. 125, 500 P.2d 410 (1972).

■ The test of whether a trial judge has acted impermissibly in intimidating a witness turns on whether the judge's comments were so severe that they resulted in the witness's refusal to testify or to totally change testimony. *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972);

*McNutt v. United States,* 267 F. 670 (8th Cir.1920); *see also* Annot. 127 A.L.R. 1385 (1940).

■ A trial judge is not required to sit idly by and allow perjury to be committed without bringing it to the attention of proper authorities. *State v. Brown,* 124 Ariz. 97, 602 P.2d 478 (1979). A judge has a responsibility for safeguarding both the rights of the accused and the rights of the public in the administration of criminal justice. ABA Standards for Criminal Justice, § 6–1.1 (2d ed. 1980). However, in a jury trial, the court must not in any manner, by demeanor or otherwise, comment upon the weight to be given certain evidence or indicate an opinion as to the credibility of a witness. *See* N.M.U.J.I.Crim. 1.00, 40.20, N.M.S.A.1978 (Repl.1982). It is not error to advise a witness outside the presence of the jury of the consequences of perjury or to caution him about testifying truthfully, when the need arises because of some statement or action of the witness. *Ehrlick v. Commonwealth,* 33 Ky. 977, 112 S.W. 565 (App.1908).

Determination of whether the actions of the trial court amounted to intimidation of a witness must rest upon the facts of each case. *State v. Harris,* 428 S.W.2d 497 (Mo. 1968); *Young v. United States,* 107 F.2d 490 (5th Cir.1939); *Venable v. State,* 84 Tex.Cr. App. 354, 207 S.W. 520 (1918).

■ Here, the trial court excused the jury prior to advising the witness as to the penalty for perjury. Outside the presence of the jury, it ordered that she be provided with appointed counsel and recessed the trial to allow her opportunity to consult with an attorney. At the resumption of the witness's testimony the following day, she testified in accordance with her pretrial statement obtained by the prosecution, and which had been previously furnished to the defense. The actions of Judge Cole in cautioning the witness concerning the consequences of possible perjury, and acting to provide her with the assistance of counsel was entirely proper under the circumstances.

Significantly, we also note that defendant did not voice any objections to the statements of the trial court to the witness and seeks to raise the issue of witness intimidation by the court for the first time upon appeal. N.M.R.Crim.App. 308, *supra.* .Under the facts here, the action of the court cannot be viewed as unfairly prejudicial to the defendant or as error. *See Mooney v. United States,* 320 F.Supp. 316 (E.D. Mo.1970).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.