This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36831**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOHN LUTTRELL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant John Luttrell appeals his conviction, following a jury trial, for child abuse contrary to NMSA 1978, Section 30-6-1(D) (2009). Defendant argues: (1) the district court erred in admitting statements made by Crystal Luttrell because (a) the statements were not admissible under the excited utterance doctrine, and (b) admission of the statements violated the Confrontation Clause; (2) Defendant was denied a fair trial, and a mistrial should have been granted based on the prosecutor's comments, in the presence of the jury, that Crystal's testimony was not credible; and (3) the failure to

instruct the jury that Defendant had no duty to retreat before defending himself constituted fundamental error. We affirm.

## DISCUSSION[1]

## I. The Admission of Crystal's Statements to Officer Brooks

## A. Excited Utterance

**{2}** Defendant argues the district court should not have admitted as excited utterances Crystal's out-of-court statements to Officer Brooks that she and Defendant got into a fight when Defendant took away her prescription medicine. Specifically, Defendant claims that because such statements were not spontaneous—but were rather elicited by Officer Brooks—they did not meet the standard for the excited utterance exception to the hearsay rule. In addition, Defendant asserts the statements were not excited utterances because they were made around ten minutes after the 911 call, which gave Crystal time to reflect and fabricate.

**{3}** Rule 11-803(2) NMRA provides that "[a] statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused" is not excluded by the rule against hearsay. "[T]o constitute an excited utterance, the declaration should be spontaneous, made before there is time for fabrication, and made under the stress of the moment." *State v. Flores*, 2010-NMSC-002, ¶ 47, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted); *see State v. Balderama*, 2004-NMSC-008, ¶ 51, 135 N.M. 329, 88 P.3d 845 (listing several factors for the district court to consider in determining whether a statement qualifies as an excited utterance, such as the amount of time that has passed since the startling event, whether the declarant had an opportunity for reflection, whether the statement was self-serving, whether the statement was in response to an inquiry, and the amount of "pain, confusion, nervousness, or emotional strife the declarant was experiencing at the time of the statement" (internal quotation marks and citation omitted)). "Determination of the admissibility of statements as excited utterances is a matter within the sound discretion of the [district] court, and will not be overturned in the absence of clear abuse." *State v. Martinez*, 1982-NMCA-137, ¶ 14, 99 N.M. 48, 653 P.2d 879.

**{4}** Testimony at trial established that shortly before Crystal's conversation with Officer Brooks, Crystal witnessed her twelve-year-old son (Defendant's stepson) and Defendant (her husband) fighting—an altercation that included their struggling over a BB gun. Defendant contends on appeal that Crystal became upset during the struggle, jumped on Defendant's back, and demanded that he leave. In addition, at some point during the incident Defendant may have struck, or run over, Crystal's foot with his car. Officer Brooks testified that she arrived at the home around five to ten minutes after Defendant left. Officer Brooks described Crystal as overwhelmed, crying, bleeding from her foot, having gone through a traumatic situation, and depressed or dumbfounded. In

---

1Because the parties are familiar with the factual background, this memorandum opinion does not include a background section. We describe the pertinent facts in the discussion section.

claiming that Crystal's statements to Officer Brooks while in this condition cannot qualify as excited utterances, Defendant argues that the ten-minute period before the officer arrived suggests she had time for reflection, thus "rais[ing] the danger of fabrication." Moreover, Defendant points out that Crystal's statements were made in response to Officer Brooks' inquiries rather than spontaneously.

**{5}** While *Balderama* instructs the district court to consider both of those factors in determining whether the statements qualify as excited utterances, the circumstances in this case are substantially similar to *State v. Hernandez*, where we upheld admission of statements to police as excited utterances. 1999-NMCA-105, ¶ 15, 127 N.M. 769, 987 P.2d 1156 (noting that the declarant's statements were made in response to the responding police officer's questions twenty to thirty minutes after an incident where "she was awakened at dawn by [the d]efendant's breaking into her home, she had been assaulted and physically injured, she was still 'extremely upset' and 'real excited' when the police arrived, and at least one of her children was also upset"). We stated that "[u]nder certain circumstances, it is reasonable to believe that an individual could be speaking under the stress of a traumatic event twenty minutes after that event. Although the fact that the statements were made to police can also undermine their spontaneity, the mere fact that the statements were responses to questions does not necessarily defeat a finding that they were excited utterances." *Id.*

**{6}** Because this case is substantially similar to *Hernandez*, the same conclusion is warranted here—that is, "[w]hile these circumstances did not necessitate a finding of excited utterance, they were sufficient to support such a finding and are therefore sufficient for us to uphold the trial court's exercise of its broad discretion." 1999-NMCA-105, ¶ 15. In this case, we will not substitute our judgment for that of the district court as to that court's evidentiary rulings simply because a conflicting determination of admissibility is possible, and similarly conclude that the district court did not abuse its discretion in admitting Crystal's statements as excited utterances. *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)).

## B.    Right to Confrontation

**{7}** Defendant also argues that admission of Crystal's statements violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. "The Confrontation Clause guarantees the accused in a criminal trial the right to be confronted with the witnesses against him[.]" *State v. Mendez*, 2010-NMSC-044, ¶ 28, 148 N.M. 761, 242 P.3d 328 (internal quotation marks and citation omitted). "Under the Confrontation Clause, an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Smith*, 2016-NMSC-007, ¶ 42, 367 P.3d 420 (internal quotation marks and citations omitted). "We review de novo a challenge made pursuant to the Confrontation Clause." *State v. Gallegos*, 2016-NMCA-076, ¶ 44, 387 P.3d 296. Although Crystal

testified at trial, Defendant has not cited any authority suggesting a defendant's right to confront a witness is violated when the witness testifies at trial, and Defendant has not explained why we should find such a violation here. *See State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of Defendant."). Because Defendant had the opportunity to question Crystal at trial, we see no violation of Defendant's right to confront Crystal about any out-of-court statements she made, even if those statements were testimonial, as Defendant claims. *See State v. Aragon*, 2010-NMSC-008, ¶ 6, 147 N.M. 474, 225 P.3d 1280 ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (omission, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

## II.     Prosecutor's Remarks Concerning Witness Testimony

**{8}**     Defendant asserts the district court erred in refusing his request for a mistrial or alternatively admonishing the prosecutor or giving a curative instruction following the prosecutor's remarks regarding Crystal's testimony. Specifically, Defendant argues he was denied a fair trial because the prosecutor requested, in the presence of the jury, that the district court instruct the jury to disregard Crystal's testimony because she was not a reliable witness.[2] Following the prosecutor's request, the district court briefly excused the jury and held a bench conference. Defendant moved for a mistrial on the basis that the prosecutor's comments tainted the jury. The district court denied both the State's request to speak to the jury regarding the credibility of Crystal's testimony and Defendant's motion for a mistrial.

**{9}**     When Defendant moved for a mistrial, he bore the burden of "show[ing] that the error committed constituted legal error, and the error was so substantial as to require a new trial." *Smith*, 2016-NMSC-007, ¶ 69. We will reverse the denial of a mistrial only if we conclude that the district court abused its discretion. *See State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516. To the extent Defendant argues the prosecutor engaged in misconduct, our task is to determine "whether the trial court abused its discretion by denying a motion for a new trial based upon the prosecutor's conduct, by overruling the defendant's objection to the challenged conduct, or by otherwise failing to control the conduct of counsel during trial." *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807, *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6. The ultimate question is whether any "improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *Id.*

---

2Although Defendant initially stated that the prosecutor asked the district court—in the presence of the jury—to find Crystal's testimony non-credible "as a matter of law," our review of the proceedings reveals that the prosecutor made that particular statement *outside* of the jury's presence in response to a question from the district court. We limit our analysis to what was said in the jury's presence.

**{10}** Defendant argues that the prosecutor's comments about Crystal's credibility in front of the jury amounted to improper "vouching" that was so prejudicial that it warrants reversal. We disagree. Vouching generally "involves either invoking the authority and prestige of the prosecutor's office or suggesting the prosecutor's special knowledge." *State v. Paiz*, 2006-NMCA-144, ¶ 55, 140 N.M. 815, 149 P.3d 579 (internal quotation marks and citation omitted). Before the prosecutor asked the district court to instruct the jury to disregard Crystal's testimony, Crystal had just stated that she probably had hallucinations on the night in question, due to her medication. Additionally, Crystal testified that her prior statement to Officer Brooks was inaccurate because Officer Brooks coached her. The context establishes that the prosecutor's comments concerning Crystal's lack of reliability were based on the trial evidence, rather than personal opinions unrelated to such evidence. *Cf. State v. Dominguez*, 2014-NMCA-064, ¶ 23, 327 P.3d 1092 (explaining that, during closing arguments, "[p]rosecutors are permitted to comment on the veracity of witnesses so long as the statements are based on the evidence—not personal opinion—and are not intended to incite the passion of the jury"). Under the circumstances, we conclude the district court did not abuse its discretion by denying Defendant's motion for a mistrial.

**{11}** Even assuming for the sake of discussion that the prosecutor was vouching, reversal would only be warranted if we were to conclude that the vouching was so prejudicial that it deprived Defendant of a fair trial, but Defendant has not explained why we should reach that conclusion. *Cf. State v. Allen*, 2000-NMSC-002, ¶ 102, 128 N.M. 482, 994 P.2d 728 ("While we agree with the general rule that it is improper for prosecutors to vouch for their cases, . . . we are not persuaded that the prosecutor's remarks in this case, when taken in context, were the kind of vouching that is prejudicial enough to deprive [the d]efendant of a fair trial." (citation omitted)). We will not make this argument for him. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("requir[ing] that the parties adequately brief all appellate issues" and providing that "[t]o rule on an inadequately briefed issue, [we] would have to develop the arguments [ourselves], effectively performing the parties' work for them").

**{12}** We find no merit in Defendant's remaining contentions. Defendant has not developed his argument that the failure to admonish the prosecutor was error, much less fundamental or plain error, and we therefore decline to review it. And Defendant has neither preserved nor developed an argument regarding the absence of a curative instruction. "It is the duty of the complaining party to request a curative instruction." *State v. Collins*, 2005-NMCA-044, ¶ 41, 137 N.M. 353, 110 P.3d 1090, *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369. Because Defendant did not fulfill that duty, we conclude that he failed to preserve this issue. And because Defendant has not asked us to review this unpreserved issue under a plain error or fundamental error standard, much less developed an argument under one of those standards, we will not perform any such analysis. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

## III.    Jury Instructions

**{13}** Defendant's final argument is that fundamental error occurred when the district court failed to instruct the jury that Defendant was not required to retreat before defending himself. Specifically, Defendant asserts that the jury should have received an instruction based on UJI 14-5190 NMRA (2016),[3] which provides that a person who is defending himself or herself from an attack need not retreat. Defendant argues an evidentiary basis was laid for this instruction because although he was the subject of a no-trespass order on Crystal's property, there was also testimony that Crystal invited Defendant to the home that evening, and thus there was a question of whether Defendant acted reasonably, which included a question about whether he had a right to be where he was. The State claims defense counsel never requested an instruction based on UJI 14-5190 and that Defendant's theory of the case was not that he had no duty to retreat. Contrary to how this issue is described in the parties' briefs, Defendant *did* request an instruction based on UJI 14-5190, the State did not object, and the district court *did* read such an instruction to the jury along with the other instructions. Accordingly, Defendant's reliance on *State v. Anderson*, 2016-NMCA-007, 364 P.3d 306 is misplaced. We therefore reject Defendant's fundamental error argument.[4]

## CONCLUSION

**{14}** We affirm.

**{15}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**

---

[3] All references to UJI 14-5190 are to the 2016 version.

[4] A written version of the instruction at issue, instruction number six, is missing from the record proper, and it is unclear whether a written version went to the jury room. *See* Rule 5-608(E) NMRA ("Written instructions of the court shall go to the jury room[.]"). However, because Defendant does not assert any error, much less prejudicial error, based on a claim that the jury never received a written instruction, we do not address the issue. *See Elane Photography*, 2013-NMSC-040, ¶ 70.