681 P.2d 51

**STATE of New Mexico, Petitioner,**

v.

**Thomas M. HENRY, Respondent.**

No. 14941.

Supreme Court of New Mexico.

Feb. 13, 1984.

Paul G. Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Deaton Twohig, R. Raymond Twohig, Jr., Albuquerque, for respondent.

OPINION

STOWERS, Justice.

The State of New Mexico petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *State v. Henry*, Ct.App. No. 6003 (filed May 12, 1983). The Court of Appeals reversed the trial court's conviction of the respondent for criminal sexual contact of a minor.

The issue raised on certiorari is whether a defense attorney can open the door during his opening statement for a comment by the prosecution in its closing argument. We hold that in this case no prejudicial error resulted from the closing remarks made by the prosecution regarding the defendant's failure to testify. We therefore reverse the Court of Appeals.

The defendant was charged with criminal sexual penetration of a minor. Defense counsel, during opening remarks to the jury, informed the jury that it would hear the story of the troubled family with whom the defendant lived. Defense counsel stated:

> You'll hear from Thomas Henry. He'll tell you what his role was. You'll learn things about him, what his background is, where he comes from * * * * He'll tell you what his involvement was—what his role was as father-substitute for these children. He'll tell you how they got along—the problems that they had—problems that many of you as parents may have encountered in raising your own children.

During the trial, the defense presented various witnesses and evidence. At the conclusion of the defendant's case, defense counsel informed the trial court in the presence of the jury that after discussions with his attorneys that the defendant had elected not to testify.

During the State's closing argument, the prosecutor said:

> In voir dire, and in opening statement and in your jury instructions you've been

told that the defendant does not have to put on any evidence, and that's true and you can't find him guilty just because he refuses to talk to you. * * *

At this point, defense counsel objected and was sustained. Defense counsel argued that the comment was a "clear reference" to the defendant's failure to testify and moved for a mistrial. The mistrial was denied.

The prosecutor then said:

You have an instruction, ladies and gentlemen, defendant's requested instruction number six, and that tells you that you cannot draw any inference of guilt from the fact that defendant did not take the stand. In fact, there are times when there will be no witnesses presented and the defense does not have to present any witnesses * * * *

Defense counsel again objected and requested a mistrial, which the trial court denied. This matter was not raised again. The defendant was convicted of criminal sexual contact of a minor. The Court of Appeals held that the prosecutor's comments were direct comments on the defendant's failure to testify and reversed the conviction.

 As a general rule, a reference by the prosecution to the defendant's silence will be reversible error. *State v. Lara*, 88 N.M. 233, 539 P.2d 623 (Ct.App.1975). However, it is also the rule that the prosecution may refer to the defendant's failure to testify if the door is opened by the defense. *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980); *State v. Ergenbright*, 84 N.M. 662, 506 P.2d 1209 (1973).

 In the present case, the State argues that the defendant opened the door to comments regarding his failure to testify and therefore should not then be allowed to close the door by electing not to testify. The State contends that defense counsel in effect "testified" for the defendant in the course of his opening statement and later announced that the defendant would not testify, thus precluding the State from cross-examining the defendant on those

matters raised by defense counsel during the opening statement.

Other courts have held that when defense counsel, in an opening statement, tells a jury what the evidence will be, he invites comment by a prosecutor in closing argument when defense counsel fails to prove that which he said he would. *United States v. Prichard*, 645 F.2d 854 (10th Cir.); *cert. denied*, 454 U.S. 832, 102 S.Ct. 130, 70 L.Ed.2d 110 (1981). *Prichard* does not provide background as to the nature of the comment made during closing. However, *Prichard* relied on *United States v. Broadhead*, 413 F.2d 1351 (7th Cir.1969), *cert. denied*, 396 U.S. 1017, 90 S.Ct. 581, 24 L.Ed.2d 508 (1970). In *Broadhead*, defense counsel stated during opening remarks that the evidence would show that before a bank robbery, the defendant and a co-defendant separated, and that the defendant was not at the bank. The court in *Broadhead* determined that these statements invited the prosecutor's closing remarks regarding the defendant's failure to present evidence. The *Broadhead* court also held that defense counsel's opening statement was an invitation to the prosecution to comment on the defense theory of the case and therefore was not error.

Similarly, in the case of *United States v. Robinson*, 651 F.2d 1188 (6th Cir.); *cert. denied*, 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 182 (1981), error was claimed as a result of certain remarks made by the prosecution during closing. The prosecution stated to the jury:

[Y]ou don't even know what the claim of innocence is because there has never been any evidence, any real concrete suggestion even as to the innocent explanation as to what happened with respect to that bill.

*Id.* at 1197. The Sixth Circuit found this remark to be extremely close to being improper. However, the court in *Robinson* determined that the defense opening statement specifically represented to the jury that the defendant and others would testify and related many of the facts that this testimony would establish. The defense,

however, rested after the prosecution case in chief. The *Robinson* court held:

> Though not every opening statement which represents that a defendant will testify and present other evidence in his own behalf permits a prosecutor to comment on defendant's failure to produce this evidence, Robinson's counsel clearly focused the jury's attention on Robinson's silence and absence of any defense. (Citation omitted.)

*Id.* at 1198.

In the present case, we determine that under certain circumstances, defense counsel may "open the door" during an opening statement to comments by the prosecutor during closing. In this case, the comments by the prosecutor were slight and the objections sustained by the trial court. Furthermore, those comments were not direct comments regarding the defendant's failure to testify, but rather were an explanation of the law regarding the defendant's right to remain silent. This instruction was given to the jury in the form of NMSA 1978, UJI Crim. 40.31 (Repl.Pamp.1982). *See State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (Ct.App.); *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977); *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975); *cert. denied,* 89 N.M. 5, 546 P.2d 70; *cert. denied,* 429 U.S. 836, 97 S.Ct. 103, 50 L.Ed.2d 102 (1976).

We therefore determine that the statements made by the prosecutor in closing were fair comments on the defendant's failure to testify and failure to present promised evidence, and therefore were properly allowed. We hold that in the present case, the defense attorney opened the door during his opening argument for the comments made by the prosecution in its closing statement.

The decision of the Court of Appeals is hereby reversed. We remand this case to the Court of Appeals in order to address the remaining issues raised by the defendant.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN and WALTERS, JJ., concur.