This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                            **No. 30,204**

**MARCELLO SILVA, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Sandra A. Grisham, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

    Defendant Marcello Silva, Jr. appeals a conviction of one count of aggravated stalking based on violation of a protective order, contrary to NMSA 1978, Section 30-

3A-3.1 (1997). Defendant argues that (1) the State improperly commented on his silence during its rebuttal argument, thereby depriving him of due process and improperly shifting the burden of proof; (2) the district court erroneously denied his requested jury instruction; (3) the court erred in allowing the victim to testify as to past conduct; (4) the court erred in allowing a police officer to testify as an expert; (5) there was insufficient evidence to support the conviction; and (6) the court erred in ordering Defendant to pay child support as part of the terms of probation. We hold that the State's comment during rebuttal argument was a permissible response to Defendant's closing argument; the jury instruction offered by Defendant was not supported by the evidence, therefore its rejection was proper; the district court did not abuse its discretion in allowing the testimony of Victim or of the officer; there was sufficient evidence to support Defendant's conviction; and the district court was acting within its discretion by ordering Defendant to pay child support as part of the terms of probation. We affirm.

**BACKGROUND**

This case arose from phone calls made by Defendant to R.O. (Victim) in May and June 2008, during which Defendant made repeated threats to Victim, including threats to kill her. Defendant and Victim, who were not married, had known each other for seven years and had three children together. The district court issued an

order of protection in January 2007 following an incident of Defendant holding a knife to Victim's throat. At a subsequent hearing, which Defendant attended, the order of protection was made permanent. According to the order of protection, Defendant was not permitted to contact Victim except in the case of a medical emergency involving the children. An attachment to the order of protection granted full temporary custody to Victim, for the duration of Defendant's incarceration, expired in July 2007.

Some of the recorded telephone calls Defendant had made to Victim were played for the jury. Additionally, Victim testified as to the comments made by Defendant during the phone calls. Defendant's comments included telling Victim that she could not keep his children from him and that she better watch herself if she knew what was good for her. Defendant also made explicit threats to kill or shoot Victim and referenced a "thirty-thirty," which Victim knew to be a gun, and which comments she interpreted as threats to her life.

**I.     Prosecutor's Rebuttal Comment**

Defendant did not present any witnesses or evidence at trial. In closing argument, his counsel presented the theory of Defendant's case, which was that Defendant did not know the order of protection was in effect when he made the phone calls. Defense counsel urged the jury to find that, based on the fact that the

attachment expired in July 2007, one might easily be confused into thinking that the entire order had expired at that time. Defense counsel further argued that the State failed to meet its burden of proving beyond a reasonable doubt that Defendant knowingly violated the order of protection. The phone calls at issue did not contain any such acknowledgment of the order of protection by either party, and Defendant's counsel argued that, as a result, they did not establish Defendant's knowledge.

In rebuttal, the prosecution asked the members of the jury to rely on what they heard from witnesses and reminded the jurors that they had been instructed not to base their verdict on speculation, guess, or conjecture. The prosecution stated that there was not one scintilla of evidence that Defendant did not know that the order of protection was in place. Defense counsel objected to this latter comment, the objection was overruled, and the State reiterated its argument that there was no evidence that Defendant did not know that the order of protection was in place when he made the phone calls.

Two days after his trial ended, Defendant moved the district court for a new trial. In support of this motion, Defendant argued that the State's comment that Defendant had presented "not one scintilla of evidence" of a "knowing violation" was an impermissible comment on his silence at trial. Defendant also argued that the comment constituted improper burden shifting when Defendant has no burden of

4

proof in a criminal trial. In denying Defendant's motion for a new trial, the district court found that the State's remark was made in response to the argument made by Defendant's counsel that, because defense counsel did not understand the end date of the order of protection upon first reading, neither did Defendant. The district court also found that the prosecutor's argument had been "that the only evidence of knowledge before the jury was that . . . [D]efendant was present at the hearing, was served with the order, and that the order . . . [had] not expire[d]." The district court found that the comment, rather than constituting a remark on Defendant's silence, was made to emphasize that the only competent evidence before the jury was that Defendant had knowledge of the order of protection. On appeal, Defendant renews the arguments made in his motion for a new trial.

The district court is "in the best position to assess the impact of any questionable comment" and is therefore afforded "broad discretion in managing closing argument." *State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348. The jury verdict and the district court's judgment will be reversed "[o]nly in the most exceptional circumstances[.]" *Id.* Whether a prosecutor's remarks constituted an impermissible comment on a defendant's silence is a question of constitutional law, which we review de novo. *See State v. DeGraff*, 2006-NMSC-011, ¶¶ 4-6, 139 N.M. 211, 131 P.3d 61.

"The Fifth Amendment protects a defendant's decision not to testify at trial from prosecutorial comment." *Id.* ¶ 12. In determining whether a prosecutor's remarks were a comment on a defendant's silence, we consider "whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's exercise of his or her right to remain silent." *Id.* ¶ 8 (internal quotation marks and citation omitted). "As a general rule, a reference by the prosecution to the defendant's silence will be reversible error." *State v. Henry*, 101 N.M. 266, 267, 681 P.2d 51, 52 (1984).

Defendant relies on two cases in which our Supreme Court found the prosecutors' comments to be impermissible comments on the defendants' silence. Those cases are *State v. Gutierrez*, 2007-NMSC-033, 142 N.M. 1, 162 P.3d 156, and *DeGraff*, 2006-NMSC-011. In *Gutierrez*, the Court held that a prosecutorial comment on the defendant's refusal to submit to a polygraph test was an impermissible comment on his right to silence and thereby constituted reversible error. 2007-NMSC-033, ¶¶ 17, 37. In *DeGraff*, the prosecutor made repeated references to the fact that the defendant did not contact police immediately after he allegedly killed someone in self-defense. 2006-NMSC-011, ¶¶ 3-5. The prosecutorial comments suggested to the jury that the defendant used the three-week interval between the killing and his statement to police to fabricate a story. *Id.* ¶ 5. The Court concluded

that the prosecutor's comments regarding the defendant's failure to make a statement to police immediately after the incident and in the three weeks that followed was a comment on both pre- and post-arrest silence. *Id.* ¶ 10. The *DeGraff* Court determined, however, that the prosecutor's comments did not rise to fundamental error and therefore affirmed the defendant's convictions. *Id.* ¶ 40.

Unlike the prosecutors in *Gutierrez* and *DeGraff*, here, the prosecutor did not comment directly on Defendant's silence. Nor are we persuaded that "the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's exercise of his or her right to remain silent." *DeGraff*, 2006-NMSC-011, ¶ 8 (internal quotation marks and citation omitted). Rather, in our view, the prosecutor's comment was permissible as it was responsive to defense counsel's argument and explicit reference to the absence of proof that Defendant knew the order of protection was still in place. *See Sosa*, 2009-NMSC-056, ¶ 33 (explaining that "we are least likely to find error where the defense has opened the door to the prosecutor's comments by its own argument or reference to facts not in evidence" (internal quotation marks and citation omitted)). By pointing out that the State did not present evidence that Defendant knew the order of protection was in place when he made the phone calls, defense counsel opened the door for a direct rebuttal to that comment, which was that there was also no evidence

proving that Defendant thought the order had expired. *See id.* ¶ 23 (stating that a prosecutor responding to defense counsel's closing argument is an appropriate use of rebuttal). Therefore, we reject Defendant's assertion that the prosecutor's remark, that there was not one scintilla of evidence to prove that Defendant did not know the order of protection was in effect, constituted an impermissible comment on his silence.

## II.    Jury Instruction

Defendant's second argument on appeal is that the district court erred in denying his requested instruction on the elements of aggravated stalking. We review the district court's rejection of Defendant's submitted jury instruction de novo "because it is closer to a determination of law than a determination of fact." *State v. Ellis*, 2008-NMSC-032, ¶ 14, 144 N.M. 253, 186 P.3d 245 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the giving of the requested instruction." *State v. Hill*, 2001-NMCA-094, ¶ 5, 131 N.M. 195, 34 P.3d 139.

With regard to aggravated stalking, the jury was instructed as follows:

> For you to find . . . [D]efendant guilty of aggravated stalking as charged in Count 1, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.    [Defendant] committed the crime of stalking;

> 2. At the time of the offense[, Defendant] knowingly violated a permanent or temporary order of protection issued by a court[.]

UJI 14-333 NMRA.

Defendant argues that this instruction was erroneous insofar as it excluded the parenthetical language of UJI 14-333(2) which follows "issued by a court" with "(and the victim did not also violate the court order)[.]" In Defendant's view, by virtue of answering the phone and talking to him, Victim encouraged and participated in the violation of the protective order. As such, Defendant argues, he was entitled to present a defense that the violation was mutual.

The district court denied Defendant's request to add the parenthetical language on two grounds. First, the order of protection was non-mutual, it did not order Victim to do or refrain from doing anything, and because Victim was a passive recipient of the phone calls and was not ordered not to talk to him. We agree that the order of protection did not apply to Victim, as such, she did not violate the order by answering the phone. As the evidence does not support the requested parenthetical language, it was not error for the district court to refuse its inclusion in the jury instruction. *Cf. State v. Nieto*, 2000-NMSC-031, ¶ 16, 129 N.M. 688, 12 P.3d 442 (stating that a defendant is entitled to a jury instruction on his theory of the case if his theory is supported by the evidence).

We will not address Defendant's assertion on appeal that he was denied due process because the jury was not instructed that, in order to find him guilty, it needed to also find that he knew the order of protection was in effect. In his brief in chief, Defendant does not support this assertion with citations to relevant case law, nor does he develop an argument on the issue. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (holding that this Court "will not review unclear arguments[] or guess at what [a party's] arguments might be" and neither will we review arguments that are inadequately developed); *see also ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that this Court will not consider propositions that are unsupported by citation to authority).

**III.  Victim's Testimony**

Defendant claims that the court abused its discretion by allowing Victim to testify regarding prior acts of domestic violence perpetrated by Defendant because the testimony served only to establish that he was "a bad person." Prior to the presentation of the State's case, Defendant objected to the State going into Defendant's prior acts of domestic violence against Victim, arguing that the probative value of such testimony would be outweighed by prejudice. The district court overruled the objection based on a finding that summarized the language of the jury

10

instruction pertaining to stalking. The jury instruction required the jury to find, in pertinent part, that:

>     1.    . . . [D]efendant maliciously pursued a pattern of conduct that would cause a reasonable person to feel frightened, intimidated[,] or threatened on more than one occasion by:
>
>           harassing [Victim];
>
>     2.    . . . [D]efendant intended to place [Victim] in reasonable apprehension of death or bodily harm[.]

UJI 14-331 NMRA. The district court held that the "reasonable person" would have to be a person confronted with the same facts as those confronting Victim and based on her prior experience and in light of the history, such that the person would feel threatened by the comments Defendant made over the phone.

Victim testified that Defendant in the past had threatened her, hit her, held a knife to her throat, and held a gun to her head. Victim also testified that she felt terrified knowing that Defendant continued making threats to her even when he was in jail because if anything were to happen to her, her children would be left without their mother.

We review for abuse of discretion a district court's decision to admit or exclude evidence. *State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523. "Evidence of other crimes, wrongs[,] or acts is not admissible to prove the character

of a person in order to show action in conformity therewith." Rule 11-404(B). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity[,] or absence of mistake or accident." *Id.* "The list of allowable purposes found in the second sentence of Rule 11-404(B) is not exclusive, but is illustrative." *State v. Gallegos*, 2007-NMSC-007, ¶ 22, 141 N.M. 185, 152 P.3d 828.

In reviewing the admission of evidence of prior bad acts, the issue "is whether there is a probative use of the evidence that is not based on the proposition that a bad person is more likely to commit a crime." *State v. Jones*, 120 N.M. 185, 188, 899 P.2d 1139, 1142 (Ct. App. 1995). Under these circumstances, the evidence of prior acts of domestic violence was introduced for the allowable purpose of providing the jury with sufficient information to determine whether, in light of Victim's and Defendant's history, it was reasonable that Victim would feel frightened, intimidated, or threatened by Defendant's phone comments. Further, the evidence was introduced for the additional allowable purpose of proving that Defendant's intent in making the threatening phone calls was to place Victim in apprehension of death or serious bodily harm.

Our inquiry continues, however, because despite the relevance of other-acts evidence to something other than propensity, we must evaluate the potential for

12

prejudice to this Defendant in excess of the probative value under Rule 11-403 NMRA. *Gallegos*, 2007-NMSC-007, ¶ 22. Defendant argues that "it is clear the testimony only served to establish that . . . Defendant was a bad person." We disagree. For reasons already stated, we hold that the evidence served a probative purpose besides propensity. Defendant has not explained how the evidence was more prejudicial than probative, and we do not believe the district court abused its discretion in admitting the prior-acts evidence.

## IV. Officer's Testimony

Officer David Gallegos of the Ruidoso Police Department testified at trial. He testified that he had twenty years of experience in law enforcement and that over the course of his career he had investigated hundreds of domestic violence incidents. Officer Gallegos also testified that he had six years of special training in domestic violence and that he was certified to train other police officers on the subject. The special training included seven or eight classroom days taught by experts in domestic violence, doctors, psychiatrists, and lawyers. Officer Gallegos was dispatched to Victim's home in June 2008, having been told that Victim wanted to file a complaint against Defendant. The officer testified that Victim exhibited a range of emotions from being clear and articulate to emotional and angry, which he described as common in domestic violence cases. He also testified as to the taped phone calls,

13

explaining that the content of the tapes is what officers experience when they walk into a person's house to deal with a domestic violence situation. Over Defendant's objection, Officer Gallegos testified that, in his experience, the anger exhibited by Victim in the taped phone calls reflected a domestic violence relationship that had reached a point where emotions are high and the pain of the relationship is so deep, you will often hear "the explosion." He further testified that, in his experience, it was "very common" for a domestic violence victim to accept phone calls from the abuser. Officer Gallegos also testified that, in his experience, the point at which a victim separates from an abuser is the most dangerous and violent period for the domestic violence victim. Finally, Officer Gallegos testified as to the content of the order of protection, which was presented to him by the State for his review.

Defendant argues on appeal that Officer Gallegos's testimony was improper expert testimony offered under the "cloak of lay opinion." The State contends that the officer provided relevant lay opinion testimony.

Relying on *State v. Woodward*, 121 N.M. 1, 10, 908 P.2d 231, 240 (1995), *aff'd in part, rev'd in part on other grounds by Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001), the State contends that it met the foundational requirements under Rule 11-701. In *Woodward*, our Supreme Court explained that "the foundation required for admitting [Rule 11-701] evidence is a showing of first-hand knowledge on the part of

the witness, and a rational connection between the observations made and the opinion formed." 121 N.M. at 10, 908 P.2d at 240 (internal quotation marks and citation omitted). "If these two requirements are present and the witness's opinion might be helpful in the determination of the facts in issue, the opinion is admissible." *Id.* (internal quotation marks and citation omitted). The *Woodward* Court further explained that "[t]he requirement of a rational basis is satisfied if the opinion or inference is one which a normal person would form on the basis of the observed facts." *Id.* (internal quotation marks and citation omitted).

Here, Officer Gallegos was present at Victim's home in June 2008 after Victim called the police to file a report regarding the phone calls she received from Defendant. The officer's testimony regarding the content of the recorded phone calls and whether it was common for victims of domestic violence to answer phone calls from the abuser was based on his experience investigating "hundreds" of domestic violence cases. Defense counsel did not take the opportunity to call this testimony into question on cross-examination.

Defendant did not address Rule 11-701 in his brief in chief, and he did not file a reply brief to address the issue or to point out any errors in the State's argument that the testimony was admissible as the opinion of a lay witness. Therefore, we determine that Defendant has conceded that the testimony was properly admitted under Rule 11-

701. *See State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 (recognizing that "the failure to respond to contentions made in an answer brief constitutes a concession on the matter (internal quotation marks and citation omitted)). Having been presented with no argument to the contrary, we hold that the admission of Officer Gallegos's testimony as the opinion of a lay witness was not obviously erroneous, arbitrary, or unwarranted. The district court did not abuse its discretion in this matter.

**V.    Sufficiency of the Evidence**

Defendant's next contention is that there was insufficient evidence to support the jury's verdict. Following the conclusion of the State's case, Defendant's counsel requested that the district court direct a verdict based on Defendant's argument that there was no evidence that he knew of the order of protection or that he knew the order was still in effect. Defense counsel further based Defendant's argument on Victim's alleged complicity in the order of protection as evidenced by the fact that she engaged in the phone calls. Defendant renews these arguments on appeal.

We review sufficiency of the evidence claims under a substantial evidence standard of review. *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891. We ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational [fact finder] could have found the essential elements of the

crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "In performing this review, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the State and to the guilty verdict, we determine that a reasonable fact finder could have found, beyond a reasonable doubt, that Defendant committed the crime of stalking when he called Victim on the phone more than once, threatened her, and threatened to kill her. A reasonable fact finder could infer based on the specific threats Defendant made to Victim over the phone that Defendant intended to place Victim in reasonable apprehension of death or serious bodily harm. We further conclude that a reasonable fact finder could determine that Defendant, in making the phone calls, knowingly violated an order of protection insofar as Defendant was present when the order of protection was made permanent, and the order of protection explicitly prohibited Defendant from making phone calls to Victim. Thus, we determine that the jury reasonably concluded, based on the evidence presented, that Defendant's actions satisfied each essential element of the crime of aggravated stalking.

**VI.    Child Support**

17

Defendant's final claim on appeal is that the district court's order requiring Defendant to pay child support as a condition of probation should be reversed because it was not reasonably related to Defendant's rehabilitation. The State contends that the district court had statutory authority to issue the order and that it is, in fact, reasonably related to Defendant's rehabilitation.

NMSA 1978, Section 31-20-6 (2007), regarding conditions of order deferring or suspending sentence reads, in pertinent part:

> The . . . district court shall attach to its order deferring or suspending sentence reasonable conditions as it may deem necessary to ensure that the defendant will observe the laws of the United States and the various states and the ordinances of any municipality. . . . The court may also require the defendant to:
>
> A.    provide for the support of persons for whose support the defendant is legally responsible[.]

The district court suspended one and one-half years of Defendant's sentence, during which time Defendant would be placed on probation. Under Section 31-20-6(A), a district court is given discretion to order that a person placed on probation provide for the support of persons for whose support he is legally responsible. *See Bursum v. Bursum*, 2004-NMCA-133, ¶ 17, 136 N.M. 584, 102 P.3d 651 (recognizing the canon of construction that the term "may" in a statute is permissive). As there is no argument to the contrary, we assume, without deciding, that Defendant was legally responsible for the support of his children. *See Poncho v. Bowdoin*, 2006-NMCA-

18

013, ¶ 32, 138 N.M. 857, 126 P.3d 1221 (stating that "[i]n New Mexico, there exists . . . a presumption that the biological father is responsible for child support absent court-ordered relief to the contrary"). Therefore, we hold that the district court did not abuse its discretion and was acting within its discretion under Section 31-20-6(A) when it ordered Defendant to pay child support.

**CONCLUSION**

We affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**MICHAEL E. VIGIL, Judge**