681 P.2d 62

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Thomas M. HENRY,
Defendant-Appellant.**

No. 6003.

Court of Appeals of New Mexico.

April 10, 1984.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

R. Raymond Twohig, Jr., Deaton & Twohig, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

On remand from the Supreme Court we review defendant's appeal from his conviction for criminal sexual contact with a minor, contrary to NMSA 1978, Section 30–9–13. Defendant raises three issues on appeal: (1) denial of defendant's right to be present at a critical stage of the trial; (2) failure of defendant's attorney to permit him to testify; and (3) refusal of the trial court to excuse a juror for cause. A fourth point raised by defendant, failure of the trial court to grant a mistrial following the prosecutor's comments on defendant's failure to testify, has been decided by our Supreme Court in *State v. Henry*, 101 N.M. 266, 681 P.2d 51 (1984). Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Massengill*, 99 N.M. 283, 657 P.2d 139 (Ct. App.1983). We affirm.

Following a jury trial, defendant was acquitted of the charge of criminal sexual penetration of a minor but was convicted of criminal sexual contact with a minor, the eleven-year-old daughter of a woman with whom defendant was living.

### I. *Absence During Jury Selection*

During jury selection the trial court saw several prospective jurors in chambers. The proceedings were conducted off-the-record. Defendant argues that it was reversible error for the judge to talk to these jurors outside the presence of either defendant or his counsel and in the absence of a record.

Defense counsel on his voir dire of the jury panel suggested to the prospective jurors several times that they could speak to the judge privately if there were any matters that might adversely affect their ability to fairly decide the case. Defendant's attorney at the beginning of his voir dire also told the prospective jury panel:

Is there anybody here who would prefer not to make this kind of decision [guilt or innocence] for this particular case? If anybody does feel that way and you don't have to tell me about it now, but I'd appreciate it if you would tell the judge, because if this kind of a case bothers you * * * then it might be a better idea if you allowed yourself the opportunity not to * * * act as a juror * * *.

At the conclusion of voir dire and prior to the conference on jury selection, the court apparently in response to defense counsel's statements during voir dire, told the prospective jurors that if any of them had anything to discuss with him, to come back in chambers during the next recess. Thereafter, during the jury selection conference, and prior to the exercise of any challenges for cause, the judge informed counsel for the parties that five jurors had taken the opportunity to speak to him privately.

The judge stated that Madeline Dunn, (No. 20), Janette Rue, (No. 44), Janna Ashby, (No. 5), Barbara Menicucci, (No. 25), and Betty Montes, (No. 42), had each spoken to him in chambers following voir dire. He relayed to counsel what each of the prospective jurors had spoken to him about in chambers.

Madeline Dunn had stated that she was an Orthodox Jew and for religious reasons preferred not to serve on jury duty during the Passover holiday. She was excused for cause.

Janette Rue told the court that she had a hearing problem and that it was difficult for her to hear what was going on. She was excused for cause.

Janna Ashby was excused for cause on the court's own motion because she brought up matters with the court indicating she might not be able to be fair to the defendant as a juror.

Barbara Menicucci and Betty Montes also advised the court that they felt they could not be impartial in the case. Both jurors were excused for cause.

None of the prospective jurors who spoke privately to the court were selected to serve on the trial jury in defendant's case. Each of the five jurors who spoke to the court were excused for cause. The trial judge stated that these were the only jurors who had spoken privately with him.

Following defendant's initial appeal herein, this Court on defendant's motion remanded the case to the trial court for consideration of whether a new trial should be granted on the basis that the trial court consulted with jurors off-the-record and outside the presence of defendant and his counsel. After remand the trial court conducted an evidentiary hearing and denied the motion for new trial, and entered the following findings:

1. That there were no improper conversations between the Court and the prospective jurors since any conversations were held at the invitation of the Court and Defense Counsel.

2. That said conversations were read into the record by the Judge during the jury selection process which included the Defendant and his attorneys.

3. At the time there were no objections to the procedure used and therefore defense counsel waived any objection.

On remand the trial judge stated that he had no recollection of any conversations with any other prospective jurors, excepting the five persons specifically disclosed by the court to trial counsel.

■ Defendant asserts that the trial court's off-the-record conversations outside defendant's presence or that of his attorney violated his constitutional right to a fair trial under the sixth and fourteenth amendments to the United States Constitution and article II, section 14 of the New

Mexico Constitution, and that the trial court's ex parte conversations with several prospective jurors was contrary to NMSA 1978, Crim.P. Rule 47(a), requiring that "defendant shall be present * * * at every stage of the trial including the impaneling of the jury * * *."

Under the facts herein any error occasioned by the trial court's ex parte conversations with prospective jurors was harmless. Although there is no question that a defendant has a constitutional right to be present at every stage of the trial proceedings against him, including all proceedings attendant to the impaneling of the jury, here it is clear that the procedure employed by the trial judge was invited by defense counsel and did not prejudice defendant. *See State v. Garcia*, 95 N.M. 246, 620 P.2d 1271 (1980). Even where an error is of constitutional dimension, it does not require reversal if it was harmless beyond a reasonable doubt. *See State v. Richter*, 93 N.M. 55, 596 P.2d 268 (Ct.App.), *cert. quashed*, 93 N.M. 8, 595 P.2d 1203 (1979); *State v. Martinez*, 99 N.M. 48, 653 P.2d 879 (Ct.App.), *cert. denied*, 99 N.M. 47, 653 P.2d 878 (1982). Our examination of the record indicates defendant's trial counsel suggested to the jury panel that jurors privately advise the court of any matters which might adversely affect their ability to be impartial. Generally, a party may not complain on appeal of evidence or procedures which they have urged upon the court below. *See State v. Smith*, 92 N.M. 533, 591 P.2d 664 (1979); *State v. Padilla*, 98 N.M. 349, 648 P.2d 807 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982); *State v. Turner*, 97 N.M. 575, 642 P.2d 178 (Ct.App.1981), *cert. quashed*, 98 N.M. 51, 644 P.2d 1039 (1982).

Significantly, none of the prospective jurors who were identified as having spoken to the trial judge served on defendant's trial jury.

Defendant's first point is without merit.

## II. *Failure of Defendant to Testify*

Defendant was represented by two attorneys at trial. Defendant contends that he instructed his attorneys that he wished to testify at trial in his own defense. One of defendant's lawyers advised the jury during opening statements that they would hear defendant's version of what took place, and that they would hear these facts from the defendant. Defendant argues that the decision as to whether he will in fact testify at trial is a personal right which his attorneys do not have the authority to contravene. Defendant further asserts that the actions of his trial attorneys in preventing him from testifying amounted to ineffective assistance of counsel.

In general, decisions involving trial strategy and tactics rest with the lawyer. *See Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); *Curry v. Wilson*, 405 F.2d 110 (9th Cir. 1968), *cert. denied*, 397 U.S. 973, 90 S.Ct. 1090, 25 L.Ed.2d 268 (1970); *see also State v. Gillihan*, 85 N.M. 514, 514 P.2d 33 (1973). The right of a defendant in a criminal case, however, to testify on his own behalf is an integral part of an accused's constitutional right to trial by jury. The right to testify is a fundamental privilege firmly embedded in due process of law and protected by the fourteenth amendment. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Defendant's right to testify at his own trial is a basic right, and the ultimate decision of whether to exercise the right reposes with him, irrespective of his own counsel's advice. This sixth amendment right is made applicable to the states under the fourteenth amendment to the United States Constitution. *See also* N.M. Const. art. II, § 14.

It is axiomatic that an accused in a criminal trial may elect to testify on his own behalf despite advice to the contrary from defense counsel. *People v. Palmer*, 631 P.2d 1160 (Colo.App.1981). Like other rights, however, defendant's constitutional right to testify may be waived. *State v. Tillery*, 107 Ariz. 34, 481 P.2d 271, *cert. denied*, 404 U.S. 847, 92 S.Ct. 151, 30

L.Ed.2d 84 (1971); *People v. Knox,* 58 Ill. App.3d 761, 16 Ill.Dec. 182, 374 N.E.2d 957 (1978). A defendant may be deemed to have waived his right to testify where it is clear defendant was aware of such right, and he acquiesces in his trial counsel's statement that he will not testify. *State v. Tillery; People v. Mosqueda,* 5 Cal.App.3d 540, 85 Cal.Rptr. 346 (1970); *State v. Albright,* 96 Wis.2d 122, 291 N.W.2d 487, *cert. denied sub nom., Albright v. State,* 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980).

 The State does not dispute defendant's assertion that he has a constitutional right to testify on his own behalf, but argues that such right, like other rights, can be waived by acquiescence of defendant in the actions of trial counsel. We agree. Under the facts herein defendant waived such right.

At the close of defendant's case-in-chief, defendant's attorney announced to the court and jury that "after discussion with his attorneys, the defendant has elected not to testify." At trial defendant did not in any manner indicate his disagreement with his attorney's statement. Although defense counsel is obligated to advise defendant of his right to testify on his own behalf, the trial court is not required to halt the proceedings and to interrogate defendant or his counsel to determine whether defendant has knowingly and intelligently waived the right.

Defendant also argues in support of his claim of error that the failure or refusal of his trial attorneys to allow him to testify in his own behalf constituted ineffective assistance of counsel. This argument is raised for the first time on appeal. The record on appeal provides no basis for this claim. Our review of the record reflects that defendant's counsel actively represented defendant both prior to and at the trial herein.

 The standard for determining whether defendant's sixth amendment right to effective assistance of counsel has been infringed is whether defendant's attorney has exercised the skill, judgment and diligence of a reasonably competent defense attorney. *State v. Orona,* 97 N.M. 232, 638 P.2d 1077 (1982). In reviewing whether defendant has received effective assistance of counsel, the criminal proceedings are to be reviewed as a whole. *State v. French,* 92 N.M. 94, 582 P.2d 1307 (Ct. App.1978). Defendant's claim of ineffective assistance of counsel is without merit.

### III. *Refusal to Excuse Juror for Cause*

 Defendant's final point is that the trial court erred in denying a challenge of a juror, Gloria Cruz, for cause, because she stated that she had a son who had been the victim of child abuse by a babysitter.

During the jury selection conference, defendant exhausted his peremptory challenges and Cruz was selected as a second alternate juror. At the close of all the evidence and prior to any jury deliberations, the trial court excused Cruz from the jury panel. Cruz did not participate in the deliberations involving the issues at defendant's trial nor participate in determining his guilt. The state constitution guarantees a defendant an impartial jury. N.M. Const. art. II, § 14. Here, however, defendant has failed to demonstrate any prejudice ensuing from the trial court's failure to strike juror Cruz for cause. *See State v. Garcia.*

The judgment and sentence of defendant are affirmed.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.