778 P.2d 811

STATE of Idaho, Plaintiff-Respondent,

v.

Dale Patrick HOFFMAN,
Defendant-Appellant.

No. 16702.

Court of Appeals of Idaho.

May 2, 1989.

Petition for Review Denied
Sept. 15, 1989.

Ada County Public Defender by August H. Cahill, Jr., Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Dale Hoffman appeals a judgment convicting him of two counts of robbery. The primary issue is whether Hoffman waived his right to testify. As explained below, we hold that the record fails to show a valid waiver, but that the error is harmless in light of the testimony Hoffman claims he would have presented. Our opinion also addresses a secondary issue concerning the trial court's refusal to sever the robbery charges. Although additional issues have been raised, we decline to discuss them here because we find either that they are clearly lacking in merit or that they have been abandoned through failure to cite authority and to present argument.

During a period extending from April through November, 1985, three Boise banks were robbed by individual(s) whose face(s) were covered. After a lengthy investigation, the state charged Hoffman with all three robberies. A jury acquitted Hoffman of one robbery but convicted him of the other two. Hoffman moved for a new trial, contending that his defense attorney (a lawyer different from his counsel in post-trial proceedings and in this appeal) had disserved him on several points. Hoffman asserted, *inter alia*, that his attorney had prevented him from testifying on his own behalf. The district judge conducted an evidentiary hearing at which Hoffman and the attorney both testified. The judge concluded that Hoffman had waived his right to testify. A judgment of conviction was entered, and this appeal followed.

I

■ We begin our analysis by noting that every criminal defendant has a fundamental right to testify on his or her own behalf. *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Although this right is not expressly set forth in the federal and state constitutions, it is necessarily implied from the due process clauses of the Fifth and Fourteenth Amendments and from the compulsory process clause of the Sixth Amendment. *Id.* 107 S.Ct. at 2708–09; *see also State v. Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct. App.1985). The defendant personally is vested with the ultimate authority to decide whether or not to testify. American Bar Association, *Standards Relating to the Administration of Criminal Justice*, Compilation, § 5.2 (1974). Counsel may advise the defendant regarding the wisdom and propriety of testifying; but counsel must abide by the defendant's eventual decision. *United States v. Curtis*, 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986); *Palmer v. People*, 680 P.2d 525, 527 (Colo.1984).

Hoffman has contended that on several occasions, before and during trial, he told defense counsel he wanted to testify. Ordinarily, such an allegation, made by a convicted defendant after trial, would be viewed with a healthy degree of skepticism. In this case, however, the attorney acknowledged that Hoffman had expressed a strong desire to testify. The attorney testified in the post-trial hearing that he prevailed upon Hoffman not to testify because he thought Hoffman's testimony would be perjurious. The attorney added that he thought such perjury would be demonstrated through prosecutorial cross-examination:

We had a discussion. It went something like, [Hoffman] insisted that he could testify and that he wanted to take on [the state's witnesses]. I said, "You're not prepared to testify." He insisted that he could handle it. I said, "You're

not prepared to field [the prosecutor's] questions." He again felt he was able to.

My experience with [the prosecutor] and my experience with [Hoffman] told me emphatically he was not prepared to field those kinds of questions. It would have taken some preparation. The issue died. I mean, my impression was he accepted what I had told him.

■ As mentioned above, the district judge concluded that Hoffman had waived his right to testify. In a "preamble" to his ruling, the judge observed that no defendant has a constitutional right to commit perjury. This is true, of course. *See Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). But that is not the real issue here. During the post-trial hearing Hoffman stated that if he had testified at trial, he would have addressed the following issues:

(a) The state contended that after the robberies, Hoffman carried false identification and eluded law enforcement authorities during their investigation, due to a consciousness of guilt. Hoffman said he would have testified that he was on probation for previous convictions (marijuana offenses) and that he had eluded officers merely to avoid proceedings to revoke his probation.

(b) The state presented evidence that red hairs were found at the scene of one of the robberies. Although Hoffman did not have red hair at the time of the trial, the state contended that his hair previously had been colored red, as indicated by an identification card. Hoffman said he would have testified that his hair was shown as red because he had applied hydrogen peroxide to his hair on the day the card was issued, but that his hair was blond on all other days.

(c) The state presented evidence that Hoffman possessed a bulletproof vest and argued that Hoffman had used it during one or more of the robberies. Hoffman said he would have testified that he had acquired the vest solely for his personal safety after police officers confronted him

at gunpoint in connection with the marijuana offenses.

(d) Finally, the state presented evidence that the perpetrator of at least one robbery had escaped on a dark blue ten-speed bicycle similar to one found in Hoffman's possession. Hoffman said he would have testified that his ten-speed bicycle was light blue, rather than dark blue, in color.

The record discloses no specific ground upon which Hoffman's trial attorney might have concluded that the foregoing testimony would constitute perjury. Indeed, when the attorney was asked at the post-trial hearing why he thought Hoffman would have testified falsely, he gave a nonspecific response relating to other matters in the case. Upon this record, we cannot assume that the issue of Hoffman's right to testify was negated by the allegedly false content of his prospective testimony.

■ Accordingly, we now turn to the waiver issue itself. When determining whether a defendant has waived a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *See State v. Hiassen,* 110 Idaho 608, 716 P.2d 1380 (Ct. App.1986) (similar standard adopted for reviewing voluntariness of statements or admissions made by defendant).

■ Here, the district judge found that Hoffman acquiesced in his attorney's insistence that he refrain from testifying. In so doing, the judge concluded, Hoffman waived his right to testify by allowing the attorney to make his decision for him. The judge cited and relied heavily upon *State v. Henry,* 101 N.M. 277, 681 P.2d 62 (N.M.Ct. App.1984), where a defendant similarly acquiesced in his attorney's decision. However, the appellate court in *Henry* carefully limited its decision by specifying that "[a] defendant may be deemed to have waived his right to testify *where it is clear defendant was aware of such right,* and he acquiesces in his trial counsel's statement that he will not testify" *Id.* 681 P.2d at 66 (emphasis added). In this case, the district judge made no finding that the defendant

was aware of his ultimate right to decide whether or not he would testify. Hoffman stated during the post-trial hearing that he had discontinued his insistence on testifying because he thought it was the attorney's decision to make. The attorney himself made no claim in the post-trial hearing that Hoffman had been advised, or was otherwise aware, of his ultimate right to decide. Neither does it appear that the district judge, at any stage of the trial, informed the defendant that he could testify if he so desired.

■ Of course, it is not mandatory that a district judge make such a statement on the record, although it might be a salutary practice to do so. *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988). Absent such a statement, any finding that the defendant waived his right to testify must be supported by evidence elsewhere in the record that the defendant was aware of that right. In the *Aragon* case, our Supreme Court upheld a waiver because the following testimony was given by the defendant's trial counsel:

Q. Did the defendant know he could testify?
A. Yes.
Q. Did you prevent the defendant from testifying in any way?
A. No.
Q. Did you have a full consultation with the defendant about his right to testify?
A. I don't think there was any questions [sic] but that he realized that he was well aware that he could testify. In fact, there is no question in my mind that he knew he could testify.

*Id.* at 763, 760 P.2d at 1179. There is no similar evidence in the present case.

■ We conclude that the record fails to support the district judge's determination that Hoffman made a valid waiver of his right to testify. However, this does not end our analysis. As we noted in *State v. Darbin, supra,* an infringement upon a defendant's right to testify may be treated as a harmless error if the appellate court is satisfied, beyond a reasonable doubt, that the error did not affect the jury's verdict. Here, the question is whether Hoffman's

prospective testimony, as described during the post-trial hearing, could have affected the verdict.

■ We believe not. In particular, we fail to see how the jury reasonably could have accorded significant weight to Hoffman's contentions that he had eluded police officers merely to avoid probation revocation proceedings, that his hair had been red only on the single day when an identification card was issued to him, or that he possessed a bulletproof vest solely for protection from the police. Hoffman's prospective testimony about the color of his bicycle would have been relevant to a material issue; however, he was not the sole potential source of such information. Moreover, we believe any dispute over a shade of blue would not have altered the jury's verdict. Although the state's evidence was largely circumstantial, it was highly probative as to the robberies of which Hoffman was convicted. It included physical evidence implicating Hoffman in the crimes. The jury rejected an alibi defense which Hoffman presented through other defense witnesses. The prospective testimony at issue here would not have strengthened such a defense. We conclude, beyond a reasonable doubt, that the abridgement of Hoffman's right to give the prospective testimony was harmless error.

## II

We now turn briefly to the severance issue. Before trial, Hoffman moved to have the three charges of robbery tried separately. His motion was denied. He asserts that the trial court abused its discretion because the joinder of charges was unfairly prejudicial.

■ Two or more offenses may be charged in the same information if the offenses are based on acts reflecting a common scheme or plan. I.C.R. 8(a). Here, with respect to the robberies of which Hoffman was convicted, the evidence pointed to a common scheme. Among other things, the evidence showed that the perpetrator made his getaway on a ten-speed bicycle—a unique fact providing the virtual

"signature" of a distinctive *modus operandi.* *Compare State v. Bussard,* 114 Idaho 781, 760 P.2d 1197 (Ct.App.1988) (lack of "signature" or other showing of common plan precludes admission of evidence of uncharged crimes). In addition, all of the crimes charged had other common characteristics which need not be detailed here. We hold that the trial court did not abuse its discretion in refusing to sever the charges.

Accordingly, the judgment convicting Hoffman of two counts of robbery is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.