**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38629**

| | | |
|---|---|---|
| KANAY A. MUBITA, | ) | 2012 Unpublished Opinion No. 531 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 22, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Kanay A. Mubita, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kanay A. Mubita appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. Mubita asserts he presented an issue of material fact and, therefore, the district court erred in summarily dismissing his petition. We affirm.

## I.

## FACTS AND PROCEDURE

On March 30, 2006, a jury found Mubita guilty of eleven felony counts of transfer of bodily fluid which may contain the human immunodeficiency virus (HIV), in violation of Idaho Code § 39-608. The district court imposed consecutive unified sentences of four years, with four months determinate, for each count. Mubita filed a petition for post-conviction relief and a direct appeal of his conviction. The district court stayed the petition pending resolution of the appeal. In June 2008, the Idaho Supreme Court upheld Mubita's conviction, concluding: (1) the district court did not err in denying Mubita's motion to suppress documents from the Health

1

Department released to the prosecutor's office; (2) it was harmless error to admit certain laboratory test results under the business records exception to the hearsay rule; (3) oral-genital contact between Mubita and one of his victims was factually sufficient to violate Idaho Code § 39-608; and (4) the jury instructions did not violate Mubita's due process rights. *State v. Mubita*, 145 Idaho 925, 188 P.3d 867 (2008), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011).

Through counsel appointed by the district court, Mubita thereafter filed an amended petition for post-conviction relief asserting he was denied an interpreter; documents used at trial to show he was HIV positive and aware of his HIV status were fraudulent; his request for an HIV test was denied; he was denied access to his medical records; his counsel at trial represented him ineffectively; and his counsel on his direct appeal had a conflict of interest with his trial counsel because both were county public defenders. Mubita also claimed he was not HIV positive. The State filed a motion for summary disposition, and after conducting a hearing, the district court issued an order dismissing all but two of Mubita's claims--that Mubita was not HIV positive and that he needed an interpreter during the criminal proceedings. After providing Mubita notice and opportunity to supplement his petition, the court dismissed Mubita's claim that he was not HIV positive because Mubita failed to submit additional evidentiary support. The court held an evidentiary hearing on Mubita's need for an interpreter and later issued an order dismissing that claim as well. Mubita appealed the dismissal of his initial post-conviction petition only on the ground that the district court erred in denying the motion by post-conviction counsel asking for leave to withdraw. This Court affirmed in an unpublished decision. *Mubita v. State*, Docket No. 36913 (Ct. App. Apr. 11, 2011).

During the pendency of his appeal on the initial post-conviction petition, Mubita filed a successive petition for post-conviction relief on July 9, 2010, accompanied with a motion requesting appointment of post-conviction counsel. In the successive petition, Mubita asserted five claims: (1) he was denied the right to testify at his trial; (2) trial counsel failed to subpoena a witness for trial; (3) trial counsel failed to communicate with him prior to trial; (4) counsel (Mubita does not specify which) failed to call in a handwriting expert to verify whether certain documents used as evidence in his trial were fraudulent; and (5) post-conviction counsel gave ineffective assistance by failing to follow up on Mubita's ability to read English, the denial of his right to testify, and trial counsel's failure to subpoena a witness. The district court denied the

2

request for appointment of counsel and gave notice of its intent to dismiss, finding the claims were frivolous either because they facially lacked merit or because they had been previously raised and Mubita did not show a sufficient reason to raise them again in a successive petition. Mubita responded to the notice of intent to dismiss, alleging some additional facts and providing an affidavit in support. The district court found Mubita failed to supply facts sufficient to create any genuine issue of material fact and summarily dismissed Mubita's successive petition. Mubita timely appeals.

## II.

## DISCUSSION

### A.     Standard of Review for Successive Post-Conviction Petition

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1); *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the

3

petitioner "has not presented evidence making a prima facie case as to each essential element of the claims upon which the [petitioner] bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). "[W]hen reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

4

If an initial post-conviction action was timely filed, an inmate may file a successive petition outside of the one-year limitation period if the court finds a ground for relief asserted that for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented by effective counsel may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive petition also includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

**B. Issues Preserved for Appellate Review**

As a preliminary matter, the State argues that Mubita fails to assign any error in the district court's decision to summarily dismiss his successive post-conviction petition, and therefore, this Court should decline any appellate review. We do not accept this invitation, however, because Mubita filed a timely notice of appeal that contains a list of issues, among which he asserts that he presented an issue of material fact, and thereby suggests the district

5

court erred in summarily dismissing his successive post-conviction petition. Although Mubita does not reassert this primary error within his opening brief, he presents three issues in the brief, each in support of this suggestion that he raised a material issue of fact. Therefore, this is not a case where the appellant either fails to identify the factual issues raised in the post-conviction petition, *see Smith v. State*, 129 Idaho 162, 165, 922 P.2d 1088, 1091 (Ct. App. 1996), or leaves this Court to search the record for unspecified errors*, see State v. Crawford*, 104 Idaho 840, 841, 663 P.2d 1142, 1143 (Ct. App. 1983). Moreover, Mubita filed a motion to submit a nonconforming brief, which the Idaho Supreme Court granted, and within the brief submitted, Mubita presents argument and authority on each of the factual issues he asserts. The State has had an adequate opportunity to respond. The principle behind not reviewing unspecified error is that the other party is unable to respond to issues not raised in an opening brief. *State v. Watkins*, 148 Idaho 418, 422, 224 P.3d 485, 489 (2009). That circumstance is not present here, and accordingly, we may review the district court's judgment summarily dismissing Mubita's successive post-conviction petition on the grounds presented by Mubita on appeal. *See id.* (reviewing an issue not raised in an opening brief where the respondent had the opportunity to respond in supplemental briefing).

## C.    The Successive Petition was Properly Dismissed.

Although Mubita asserted five claims to the district court in his successive post-conviction petition, he argues only three issues to this Court: (1) whether he was denied his right to testify at trial; (2) whether trial counsel provided ineffective assistance by failing to subpoena an unidentified witness; and (3) related to the second issue, whether the district court erred in admitting business documents at trial.[1]

### 1.    The right to testify

Mubita asserted in his successive petition that "my trial counsel denied me of my right to testify. [Post-conviction counsel's] failure to raise this issue was neglegent [sic]." The State

---

[1]    Mubita also argues in his brief that certain testimony was hearsay and should have been excluded from trial. We agree with the State that he did not raise this claim to the district court, and therefore, we will not review it because it was raised for the first time on appeal. *Row v. State*, 135 Idaho 573, 580, 21 P.3d 895, 902 (2001). We consider the arguments only to the extent they support Mubita's claim that trial counsel provided ineffective assistance by failing to subpoena the unidentified witness referenced in the "hearsay" testimony.

6

argues that Mubita has waived this issue because it was not brought on direct appeal or in the initial petition for post-conviction relief and Mubita provides no sufficient reason for why it was not previously raised.

An argument that a defendant was denied the right to testify may be brought in post-conviction proceedings as a constitutional issue, as a claim based on ineffective assistance of counsel, or both. *Cootz v. State*, 129 Idaho 360, 368-70, 924 P.2d 622, 630-32 (Ct. App. 1996). A constitutional argument that a defendant was denied the right to testify on his own behalf and did not knowingly or voluntarily waive the right is analyzed pursuant to the *Chapman*[2] harmless error standard. *State v. Darbin*, 109 Idaho 516, 522, 708 P.2d 921, 927 (Ct. App. 1985). Under this analysis, the defendant has the burden to show he was deprived of the right to testify, and the State must then show beyond a reasonable doubt that the deprivation did not contribute to the defendant's conviction, i.e., it was harmless error. *Id.* An argument that a defendant was denied the right to testify based on ineffective assistance of counsel is analyzed using the *Strickland*[3] standard. Under the *Strickland* standard, the defendant has the burden to show that counsel's conduct was deficient and that the deficiency prejudiced the defendant. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995); *Darbin*, 109 Idaho at 522, 708, P.2d at 927. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id*.

Additionally, Idaho Code § 19-4901(b) provides in relevant part:

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

---

[2]     *See Chapman v. California*, 386 U.S. 18 (1967).

[3]     *See Strickland v. Washington*, 466 U.S. 668 (1984).

Idaho Code § 19-4908 provides that any ground for relief not raised in an original petition or waived in the proceeding that resulted in the conviction may not be the basis for a subsequent post-conviction petition, unless there is a sufficient reason as to why it was not asserted or was inadequately raised in the original petition.

To begin, Mubita does not allege any reason as to why this claim was not raised on direct appeal or in his initial post-conviction petition other than to say his failure to raise it earlier was a result of his post-conviction counsel's negligence. As to whether this allegation provides a sufficient reason to now raise the claim, the district court determined that Mubita failed to allege facts sufficient to support a finding that post-conviction counsel was ineffective. Our cases demonstrate that a sufficient reason based on ineffective assistance of post-conviction counsel requires more than a bare assertion of deficient performance. *See Palmer*, 102 Idaho at 595-96, 635 P.2d at 959-60 (finding an allegation of ineffective assistance of post-conviction counsel may provide a sufficient reason where the issues were raised in the original petition but omitted by post-conviction counsel in an amended petition without the petitioner's knowledge or consent); *Hernandez*, 133 Idaho at 798-99, 992 P.2d at 793-94 (finding that alleging specific facts known to post-conviction counsel, which if presented would have prevented summary dismissal of initial petition, may constitute a sufficient reason). Mubita's conclusory statement that post-conviction counsel was negligent does not suffice because Mubita makes no assertion that he requested post-conviction counsel to raise the issue of Mubita's right to testify[4] or that post-conviction counsel's failure to raise the issue was of no fault of Mubita. Therefore, Mubita does not allege or show a sufficient reason to bring this issue in a successive post-conviction petition.

Even if we were to assume Mubita provides a sufficient reason under Idaho Code § 19-4908, he fails to overcome the bar in Idaho Code § 19-4901(b), whether his argument is brought as a constitutional issue or as a claim based on ineffective assistance of counsel. Under an analysis of the right to testify as a constitutional argument, Mubita does not establish through any supporting evidence that he desired to testify at trial and was denied that right. The evidence

---

[4] In fact, the transcripts in the appellate record demonstrate that during the pendency of the initial post-conviction petition, Mubita specifically requested his post-conviction counsel to raise certain questions before the court, but none of those questions were regarding Mubita's right to testify.

provided merely establishes that trial counsel wished to keep Mubita off of the stand in order to prevent Mubita from committing perjury. However, there is also no evidence in the appellate record demonstrating whether Mubita knew the decision to testify was ultimately his, as the defendant. A valid waiver of the right to testify depends on whether the defendant knew he had the ultimate authority to decide whether to testify. *State v. Hoffman*, 116 Idaho 689, 691-92, 778 P.2d 811, 813-14 (Ct. App. 1989). However, even if the record does not show the defendant was aware of his or her right to testify, an infringement upon a defendant's right to testify may be treated as a harmless error if the appellate court is satisfied, beyond a reasonable doubt, that the error did not affect the jury's verdict. *Id.* In a harmless error analysis, the burden of proof is on the State to show the error was harmless, but in a post-conviction petition, the burden is on the petitioner to prove error, *see Roman*, 125 Idaho at 648, 873 P.2d at 902, and the issue of the right to testify is forfeited unless the defendant can show it would create substantial doubt as to his guilt, I.C. § 19-4901(b). Here, the district court noted that "[t]he evidence of Mubita's guilt at trial was overwhelming" and that the evidence included admissions by Mubita that he was aware of his HIV status and had engaged in sexual contact with certain victims. Mubita does not allege to what he would have testified or how it would have refuted his previous admissions. Because Mubita does not provide any such allegations, he also cannot establish that trial counsel was deficient for wishing to keep Mubita off the stand to prevent an act of perjury. A defendant has no constitutionally protected right to commit perjury. *Hoffman*, 116 Idaho at 691, 778 P.2d at 813 (citing *Nix v. Whiteside*, 475 U.S. 157 (1986)). We find no error in the district court's determination that Mubita failed to meet his burden of showing how a denial of his right to testify would create any substantial doubt as to Mubita's guilt and that the issue could not, in the exercise of due diligence, have been brought earlier.

### 2. Failure to subpoena an unidentified witness and admission of documents at trial

In his second and third claims, Mubita asserts that his trial counsel provided ineffective assistance by failing to subpoena a witness and that counsel (Mubita does not specify which) failed to call in a handwriting expert to verify whether certain documents used as evidence in his trial were fraudulent. Mubita also claims his post-conviction counsel failed to follow up on his trial counsel's failure to subpoena the unidentified witness. The State argues Mubita cannot

show error because these issues have been previously raised and Mubita does not show a sufficient reason for addressing them in a successive petition.

Mubita's second and third claims stem from testimony (which he contends was hearsay) in regards to certain documents used to show Mubita was HIV positive and was aware of that fact. The witness, in support of admission of the documents, testified she may have filled out one or more of the three documents offered, but someone else may have filled out the other one. Because the witness referenced another person in relation to evidence used at trial and counsel failed to subpoena that person, Mubita argues he was denied his right to cross-examine the witness.

In his initial post-conviction petition, Mubita asserted these documents should not have been included as evidence and that trial counsel gave ineffective assistance by failing to move for their exclusion. He argued deficiency by trial counsel on two bases: (1) that the witness called to lay foundation for admissibility of the forms testified that a coworker had filled out one or more of the forms; and (2) that Mubita's signature on the forms was forged. The district court found that simply because the witness testified that one of her coworkers filled out one or more the forms did not lead to the conclusion that Mubita's signatures were forged. The only support for this notion was Mubita's bald assertions. Further, trial counsel cross-examined the witness as to how she knew Mubita had signed the forms and attempted to call into doubt the forms' reliability. The district court could not conclude that trial counsel's performance was deficient. Moreover, the district court determined Mubita could not establish prejudice because, even absent the forms, there was overwhelming evidence of Mubita's guilt.

In the successive petition, the district court dismissed these claims because they had been addressed in the initial post-conviction petition and Mubita failed to show a sufficient reason to raise them again. We agree with both bases the district court cited to support its order of dismissal. Mubita does not allege how these issues were inadequately raised other than to state post-conviction counsel did not follow up on them. As stated above, a conclusory statement such as this is inadequate to support a sufficient reason based on ineffective assistance of post-conviction counsel. *See Palmer*, 102 Idaho at 595-96, 635 P.2d at 959-60; *Hernandez*, 133 Idaho at 798-99, 992 P.2d at 793-94.

## III.

## CONCLUSION

We conclude Mubita failed to establish a sufficient reason to raise the issue of his right to testify in a successive petition. Consequently, the issue is forfeited because it was not brought on direct appeal. We further conclude Mubita failed to establish a sufficient reason to re-raise issues regarding an alleged failure to subpoena a witness and exclude documents during trial. Accordingly, we affirm the district court's judgment summarily dismissing Mubita's successive petition for post-conviction relief.

Judge LANSING and Judge MELANSON **CONCUR.**