This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. 35,132**

**LEON CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Cindy Leos
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant appeals his convictions for one count of criminal sexual penetration in the first degree and four counts of contributing to the delinquency of a minor. We

issued a notice of proposed summary disposition, proposing to affirm Defendant's convictions. Defendant filed a memorandum opposing the proposed summary affirmance, and we have given careful consideration to the arguments made in that memorandum. However, we continue to believe affirmance is warranted. We therefore affirm for the reasons stated in this Opinion and in the notice of proposed summary disposition.

{2} In our notice we grouped certain lettered issues together for purposes of discussion. Defendant's memorandum in opposition, however, does not address the issues in that manner; instead, the memorandum discusses a number of issues individually. For ease of reference in this Opinion, we address the issues in the same order as the memorandum in opposition but we also incorporate the discussion of each issue that was set out in the notice of proposed summary disposition.

{3} Almost all of the issues raised in the docketing statement and discussed in our notice are claims of ineffective assistance by trial counsel. As we stated in the notice, in order to establish a prima facie case of ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the defendant suffered prejudice as a result because there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have

2

been different. *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666.

{4} Defendant first complains that his trial counsel was ineffective for failing to file a motion under Rule 11-412 NMRA, which, according to Defendant, would have allowed him to inquire into his co-defendant's criminal conduct toward one of the primary witnesses (Witness) in this case. [MIO 2] Put simply, the co-defendant pleaded guilty to sexually assaulting Witness during the same incident that led to Defendant's convictions, and according to Defendant received a favorable plea. Defendant states, without citation to authority and with no discussion of the question, that if trial counsel had filed a Rule 11-412 motion, "it would have been permissible for the defense to delve into" the details of the crime with which the co-defendant had been charged. [MIO 2] However, we see no reason why the district court would have allowed such an inquiry into the details of a collateral matter such as the separate crime committed by the co-defendant. *See, e.g.*, *State v. Schackow*, 2006-NMCA-123, ¶ 31, 140 N.M. 506, 143 P.3d 745 (stating that even relevant evidence may be "properly excluded where its probative value is substantially outweighed by the danger of . . . confusion of the issues . . . or by considerations of undue delay [or] waste of time" (internal quotation marks and citation omitted)). While the fact that the co-defendant entered into a plea, presumably in exchange for his testimony in this

3

case, is certainly admissible as relevant to the co-defendant's possible bias, it is not clear how the details of the offense leading to the plea would also have been admissible. This is true either with or without the filing of a Rule 11-412 motion. In the absence of any authority or development of the argument, we will not conclude that trial counsel's failure to file such a motion was an instance of ineffective representation. *See State v. Murillo*, 2015-NMCA-046, ¶ 17, 347 P.3d 284 (noting that this Court will not guess at what a party's arguments might be or review unclear arguments or develop an argument for a party); *State v. Ponce*, 2004-NMCA-137, ¶ 36, 136 N.M. 614, 103 P.3d 54 (declining to address an assertion where the defendant provided no authority in support of that assertion).

{5} Defendant next contends that if trial counsel had filed a Rule 11-412 motion, he would have been able to cross-examine Victim about prior allegations of sexual abuse that Victim has allegedly made when she "found herself in trouble." [MIO 3] None of the specifics of these prior allegations are of record in this case so it is impossible for us to determine whether the failure to ensure that they were inquired into at trial constituted ineffective assistance. *See, e.g.*, *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 ("Habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to

4

a determination of trial counsel's effectiveness." (alteration, internal quotation marks, and citation omitted)). Furthermore, Defendant acknowledges that trial counsel specifically declined to elicit testimony concerning these purported prior allegations. [MIO 2] This indicates trial counsel had a tactical reason for not doing so, which must be inquired into in habeas corpus proceedings rather than for the first time on appeal. *See State v. Ortega*, 2014-NMSC-017, ¶ 56, 327 P.3d 1076 (pointing out that appellate courts will not second-guess trial strategy or tactics of defense counsel).

{6} Defendant's final Rule 11-412 contention is an assertion that both Victim and Witness have made prior unfounded accusations of sexual abuse against various males and that filing a Rule 11-412 motion would have allowed inquiry into these false accusations. [MIO 3-4] None of this information appears to be of record in this case, and we therefore cannot consider it in this appeal. *See State v. Sanchez*, 2015-NMCA-084, ¶ 10, 355 P.3d 795. The information therefore does not establish a prima facie showing of ineffective assistance. *See State v. Hunter*, 2006-NMSC-043, ¶ 30, 140 N.M. 406, 143 P.3d 168 (recognizing that this Court "has been reluctant to rule on the effectiveness of counsel without a fully developed record").

{7} Defendant next argues that trial counsel was ineffective for failing to obtain records concerning prior criminal behavior by both Victim and Witness, as well as their expulsions from school for behavioral issues. [MIO 4] As Defendant states,

5

"[n]one of this information came before the [c]ourt as defense counsel did not obtain and offer these records to impeach these witnesses." [Id.] Since the information was not before the district court and is therefore not of record, it cannot be the basis of a claim of ineffective assistance of counsel on direct appeal. *Id.*

{8}      Defendant argues that trial counsel should have filed a motion for independent psychological evaluations of both Victim and Witness. [MIO 4-5] Without indicating where in the record this information might appear, Defendant states that both Victim and Witness had chaotic home lives, that Witness was in a residential program for troubled teenagers, that Victim was being raised by her grandmother due to her mother's issues with drugs and incarceration, that Witness was seeing a therapist for behavioral and emotional problems including impulsivity, that CYFD documentation indicated someone had called Victim a pathological liar, and that there was evidence of substance abuse by both Victim and Witness. [Id.] Defendant contends that psychological evaluations "would have demonstrated mental health issues" and shed light on factors relevant to Victim's and Witness' credibility. [MIO 5] We reject this argument for two reasons. First, most if not all of the information upon which it is based appears to be not of record, and second, it is pure speculation to predict what a psychological evaluation of either Victim or Witness would or would not have

revealed. *See id.*; *Ortega*, 2014-NMSC-017, ¶¶ 57, 59 (rejecting claims of ineffective assistance of counsel because the arguments were speculative).

{9}     Defendant renews his contention that trial counsel should have filed a motion requesting a bill of particulars. [MIO 5] Without citation to authority, he argues generally that this failure "prejudiced [his] ability to formulate a defense, prepare cross-examination, impeach witnesses[,] and call witnesses." [Id.] Defendant does not respond to the analysis contained in the notice of proposed summary disposition indicating that the time frame provided by the indictment was narrow, spanning only two days in September 2010. [1 RP 2-3] Defendant also does not explain how this narrow time span so inhibited his preparation for trial that a bill of particulars was necessary in this case. Again, we will not try to develop this argument for Defendant or address it when he has provided no case law indicating that the two-day time span provided by the indictment was somehow deficient. *See Murillo*, 2015-NMCA-046, ¶ 17; *Ponce*, 2004-NMCA-137, ¶ 36.

{10}     Defendant challenges trial counsel's failure to request a supplemental jury questionnaire, without providing any specifics as to what questions would have been included in such a supplemental questionnaire. [MIO 6] Defendant also does not explain whether any of the jurors who sat on the case had a personal history to which such questions might have been relevant. Thus, Defendant's argument boils down to

7

an assertion that failure to request a supplemental jury questionnaire automatically constitutes ineffective assistance of counsel in a case involving allegations of sexual assault on a child. However, Defendant provides no authority in support of such an assertion and we therefore decline to address it. *See Ponce,* 2004-NMCA-137, ¶ 36. In addition, the failure to provide any specific factual information as to how Defendant was prejudiced by the lack of a supplemental questionnaire is also reason to reject his claim of ineffective assistance. *See Ortega*, 2014-NMSC-017, ¶ 58 (pointing out that to demonstrate prejudice, a defendant must show that the result of the trial would have been different absent counsel's defective performance).

{11} Defendant indicates that according to the State, Victim had been avoiding service (presumably of a subpoena to appear at trial as a witness) because she was afraid of being arrested on two warrants—one for shoplifting and one for false reporting of a crime. [MIO 7] Defendant also points out that when Victim testified, trial counsel did not impeach Victim with these two crimes of dishonesty or with her alleged failures to comply with pretrial release or probation resulting from these offenses. [Id.] The question of how vigorously to cross-examine an alleged victim of a sexual assault is a quintessential judgment call and thus a matter of trial strategy and tactics. Without evidence as to why trial counsel chose not to pursue the type of impeachment Defendant contends should have occurred, we cannot say there was no

8

reasonable basis for trial counsel's actions. This issue is therefore better pursued in an action for habeas corpus relief. *See id.* ¶¶ 56, 60 (pointing out that appellate courts will not second-guess trial strategy and tactics of defense counsel and that where the record is insufficient to establish whether trial counsel's actions were reasonable, the claim should be brought under habeas corpus proceedings in which the defendant can develop a record of the reasons for trial counsel's actions).

{12}     Defendant complains that even though the State presented evidence that Victim was diagnosed with a sexually transmitted disease two weeks after the incident, trial counsel did not counter with evidence that neither Defendant nor his wife had ever had the disease. [MIO 8] This evidence, however, was not presented to the district court and is therefore not of record at this time. For this reason, this argument cannot be the basis for a claim of ineffective assistance of counsel. *Hunter*, 2006-NMSC-043, ¶ 30.

{13}     Defendant maintains that Witness's credibility "went unchallenged" by trial counsel. [MIO 9] According to Defendant, this was so even though Witness was facing expulsion from school on the day of the incident, started psychological treatment immediately afterward, was arrested for shoplifting the day afterward, continually committed crimes of dishonesty, stole from her teachers, and lied about the shoplifting incident during an interview with a law enforcement officer about the

incident leading to Defendant's conviction. [Id.] Defendant also states that trial counsel failed to "explore" a belt tape of an interview in which the interviewing officer expressed disbelief of her accusations, warned her about false reporting, and commented on her lack of emotion. [Id.] Finally, Defendant complains that trial counsel objected to a question submitted by a juror that asked why Witness could not identify Defendant in the courtroom if she kept "seeing" the sexual act. [Id.] Again, many of the alleged facts now offered by Defendant do not appear to have been made part of the record below. *Id.* As for the belt tape, Defendant provides no argument or authority as to why the contents of the belt tape would have been admissible, and we will not try to develop that argument for him or find such authority. *See Murillo*, 2015-NMCA-046, ¶ 17; *Ponce*, 2004-NMCA-137, ¶ 36. Finally, there is an obvious possible tactical reason for trial counsel's objection to the juror's question—trial counsel could have thought, based on the question, that the juror already harbored strong doubts about Witness's credibility and could have decided it would be better not to give Witness an opportunity to dispel those doubts. On the record before us, therefore, we will not second-guess trial counsel's possible tactics and strategy, and we believe this claim would be better pursued in a habeas corpus proceeding. *See Ortega*, 2014-NMSC-017, ¶¶ 56, 60.

**{14}** Defendant raises a challenge to trial counsel's handling of co-defendant's testimony. [MIO 10] However, the challenge is the same one we already addressed earlier—trial counsel's failure to file a Rule 11-412 motion, which ostensibly would have allowed trial counsel to delve into the circumstances of the co-defendant's own crime. For the same reasons as those we have already discussed, we reject this argument as a basis for an ineffective assistance claim.

**{15}** Defendant contends that trial counsel should have presented testimony from Defendant's former attorney, who could have refuted testimony provided at trial by the co-defendant's girlfriend. The testimony that Defendant's former attorney would allegedly have provided is not of record, and therefore cannot be the basis for a claim of ineffective assistance. *See Hunter*, 2006-NMSC-043, ¶ 30.

**{16}** Defendant alleges that trial counsel "did not allow [him] to testify in his own defense." [MIO 11] First, an attorney does not have the authority to prohibit her client from testifying, so this statement cannot be true as a matter of law. *State v. Henry*, 1984-NMCA-040, ¶ 20, 101 N.M. 277, 681 P.2d 62 ("It is axiomatic that an accused in a criminal trial may elect to testify on his own behalf despite advice to the contrary from defense counsel."). Second, if trial counsel did attempt to prohibit Defendant from testifying or merely strongly counseled against it, that information is not part of the record below. Similarly, Defendant's expression of a desire to testify on his own

behalf was not made on the record. For these reasons, this argument does not state a claim for ineffective assistance of counsel, at least in this direct appeal. *See Hunter*, 2006-NMSC-043, ¶ 30.

{17}     Defendant concludes with a summary of all of trial counsel's asserted failures. [MIO 12-13] As we have discussed, however, all of these alleged failures are either based on facts that are not of record in this case or are matters of tactics and strategy that need to be explored, if at all, in a habeas corpus proceeding. For the reasons stated in this Opinion and in the notice of proposed summary disposition, we affirm Defendant's convictions.

{18}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**