This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                 **NO. A-1-CA-36764**

**ROBERT SHERRY,**

    Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Lahann Law Firm, LLC
Jeffrey Charlie Lahann
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant appeals the district court's refusal to dismiss this case on double-jeopardy grounds. We issued a notice of proposed summary disposition proposing to reverse. In response the State has filed a memorandum in opposition to the proposed reversal, which we have carefully considered. However, we remain convinced that reversal is warranted in this case. Therefore, we reverse for the reasons stated below and in the notice of proposed summary disposition.

{2}     The only issue in this case is whether there was manifest necessity for the district court to declare a mistrial in Defendant's trial, following the opening statement given by defense counsel. In our notice we pointed to the district court's pretrial ruling indicating that if Defendant was aware of specific instances of prior violent conduct by Victim, Defendant would be able to introduce evidence of those instances in support of his claim that he acted in self-defense. We also noted defense counsel's opening statement, during which counsel indicated he expected to introduce evidence of prior violent acts committed by Victim against Defendant. The State objected and moved for a mistrial, arguing this evidence was propensity evidence barred by Rule 11-404(B) NMRA; in response Defendant contended the contemplated evidence was consistent with the district court's ruling as well as Rule 11-405(B) NMRA (allowing instances of specific conduct to prove a character trait if that trait is essential to a party's defense). The district court disagreed with defense counsel, and granted a

2

mistrial based on its ruling that the proposed evidence referenced in the opening statement would have violated the court's pretrial ruling as well as Rule 11-404(B). In our notice we suggested that the opening statement did not in fact reference inadmissible evidence because the evidence would have demonstrated Defendant's state of mind (fear of Victim when she had been drinking) for purposes of his self-defense claim. It also appears to be perfectly in line with the district court's pretrial ruling.

{3}     In the memorandum in opposition the State agrees that Defendant's opening statement did not "directly" violate the district court's pretrial order, and the State does not argue that the statement referenced evidence that would not have been admissible at trial. **[MIO 1-2]** Instead, the State contends that counsel did not have a good-faith belief he would be able to offer evidence proving the prior violent incidents, and argues this lack of good-faith belief was a proper basis for the district court's manifest-necessity determination. However, the portions of the transcript provided by the State do not bear out this contention.[1]

{4}     The district court was concerned about whether Defendant would testify, believing that such testimony would be necessary to show Defendant's knowledge of

---

[1]We commend counsel for the State for providing exact recitations of the exchanges between the district court and defense counsel, rather than merely summarizing those exchanges. This allows us to accurately assess what occurred below.

the prior incidents. **[MIO 4]** Defense counsel agreed that it would be "a real trick" to get the evidence admitted if Defendant did not testify. **[Id.]** Counsel also told the court he had informed the jury what he expected the evidence at trial to show; said he could not imagine that Defendant would not testify; said he could not imagine a scenario of a self-defense case in which the defendant did not testify; and agreed he had an ethical obligation to refrain from saying things during the opening statement that he knew he would not be able to prove at trial. **[Id. 5]** Despite all of these acknowledgments, the district court faulted defense counsel for not being able to guarantee that Defendant would testify, and the State does so on appeal as well. But this is an unfair burden. As the State admits, the ultimate decision to testify or remain silent belongs to Defendant, not counsel. *See, e.g.*, *State v. Henry*, 1984-NMCA-040, ¶ 20, 101 N.M. 277, 681 P.2d 62 ("It is axiomatic that an accused in a criminal trial may elect to testify on his own behalf despite advice to the contrary from defense counsel."). Counsel here did all that he could to show he expected to be able to present the evidence he referenced in the opening statement—he said he expected Defendant would testify and that he could not imagine Defendant would not testify to prove his claim of self-defense. Contrary to the State's argument, the exchanges with the district court show counsel did have a good-faith belief that he would be able to introduce evidence of the incidents mentioned in the opening statement, and this good-faith belief is not

4

undercut by counsel's admission that he could not absolutely guarantee Defendant would testify. Thus, there is no factual basis supporting the State's claim that counsel lacked a good-faith belief he would be able to provide the evidence referenced in the opening statement.

**{5}** We note that the district court was not without alternatives to the immediate declaration of a mistrial, and the court was required to consider such alternatives. *See State v. Yazzie*, 2010-NMCA-028, ¶ 12, 147 N.M. 768, 228 P.3d 1188 (district court has duty to inquire into possible alternatives before declaring a mistrial). The court could have held the State's motion for mistrial in abeyance, waiting to see whether Defendant would in fact testify or whether the evidence referenced in the opening statement would come in through other witnesses (counsel's opening statement indicated that other witnesses would have testified about acts of violence committed against Defendant by Victim; since these acts were allegedly committed against Defendant himself, Defendant would certainly have been aware of them). *See, e.g.*, *State v. Litteral*, 1990-NMSC-059, ¶ 5-7, 110 N.M. 138, 793 P.2d 268 (district court reserved ruling on motion for mistrial, allowed questioning to continue, then declared mistrial next day). Instead, the district court immediately declared a mistrial on the questionable ground that defense counsel could not guarantee Defendant would testify. The State carries a heavy burden to demonstrate manifest necessity, *Yazzie*,

2010-NMCA-028, ¶ 13, and the district court's immediate declaration of mistrial in this case does not meet that burden under the circumstances. We therefore find there was no manifest necessity for the mistrial in this case, and that Defendant would be subjected to double jeopardy if he is put to trial again. For the reasons stated in this opinion as well as the notice of proposed summary disposition, the district court's refusal to dismiss the case is reversed.

{6}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**JULIE J. VARGAS, Judge**